JOHN F. COSTELO *vs.* CHARLES N. BARNARD.

Suffolk. November 22, 1905. — January 8, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence. Actionable Tort. Pleading, Civil,* Declaration.

A declaration, alleging that the defendant, intending to deceive any person to whom it might come, made an instrument in writing purporting to be a negotiable promissory note of a certain town, and unlawfully signed thereto the names of the persons holding the offices of selectmen and treasurer, that the defendant was negligent in the care and custody of this instrument and negligently permitted it to pass from his custody and control, and that the plaintiff in the exercise of reasonable care and diligence took the instrument before maturity for value, thereby suffering loss, sets forth no cause of action, and is bad on demurrer.

If the possessor of an instrument falsely purporting to be a negotiable promissory note, which he has signed in the names of other persons with the intention of deceiving any one to whom it may come, negligently permits the instrument to pass from his custody and control, this, without more, does not make him liable to one who in the exercise of reasonable diligence takes the instrument before maturity for value and thereby suffers loss.

TORT, with three counts. Writ dated June 26, 1902.

The defendant in answer to the first count pleaded a general denial, demurring to the second and third counts on the grounds hereafter stated. At the trial in the Superior Court before *Richardson,* J. the jury returned a verdict for the defendant on

the first count, finding also in answer to special questions, that the plaintiff did not purchase the note set forth in the declaration in good faith for value and before its maturity, that the defendant did not make the note with fraudulent intent to have it issued as a good and valid note and thereby defraud some person of the value thereof, and that the defendant did not issue the note or put it in circulation with intent to defraud.

The second and third counts of the declaration were as follows :

"Count II. The plaintiff says that the defendant, with the intention and for the purpose of deceiving and defrauding any person to whom it might come, made, contrived and executed a certain written instrument, said instrument purporting on its face to be a negotiable promissory note of the town of Watertown, a town in said Commonwealth, payable on maturity to the bearer thereof, and of the following tenor:

"45                                                    $5,000.00
    " Commonwealth of Massachusetts, town of Watertown.

" Know all men by these presents that the town of Watertown in the county of Middlesex and Commonwealth of Massachusetts acknowledges that it is indebted unto the bearer in the sum of $5,000, which it promises to pay to the bearer on the first day of July, A. D. 1902, at the Fourth National Bank in the city of Boston, with interest thereon in the meantime and until the payment of the principal, at the rate of 4 1-2 per cent per annum payable semi-annually on the first day of July and January in each year at the same place upon the presentation of the respective coupon therefor hereto annexed.  This note is issued under vote of the town of Watertown passed March 15, 1902.

                    " Town of Watertown,
                        " Abraham L. Richards,
                        Charles F. Fitz,
                        Edward F. Porter,
                " Selectmen of the Town of Watertown.
                    " Samuel S. Gleason,
                                            " Treasurer.

" Proved and recertified that this note is issued under the authority of the above described vote and conforms to the re-

quirements thereof; that the total sum borrowed to date including this note is $15,000.

" Watertown, July 1, 1893.

" And the said written instrument was not, as it purported to be, the promissory note of the said town, and the signatures thereto were not the signatures of the persons whose names appear thereon ; but the defendant wrote all the signatures thereon, unlawfully and without any right using the names of the persons holding the offices of selectmen and treasurer, respectively, of said town at the time said written instrument purported to issue, and in other respects made said written instrument in imitation of a certain true and genuine and legal promissory note of said town, fraudulently and with the intention of deceiving and defrauding any person to whom said written instrument might come. And the defendant, knowing that said written instrument was similar in appearance to and of the same tenor as a certain promissory note of said town and that any person to whom said instrument might come, though such person used reasonable care and diligence would be deceived and defrauded thereby, and suffer damage therefrom, was careless and negligent in the care and custody of said written instrument and carelessly and negligently permitted said written instrument to pass from his custody and control ; and the plaintiff, being in the exercise of due and reasonable care and diligence, before the date on which said instrument purported to mature accepted said instrument as a true and genuine note of said town, and gave therefor good and valuable consideration, and without any fault on his part, but in consequence of the unlawful and fraudulent acts of the defendant as aforesaid, suffered much loss and damage.

" Count III. The plaintiff says that the defendant made and executed a written instrument which in its language and tenor is the same as a certain promissory note duly made and issued by the town of Watertown, a town in said Commonwealth, a copy of which note is hereto annexed marked 'A'; and the defendant, knowing that said note was a negotiable instrument payable to the bearer thereof at its maturity and knowing that said instrument made and executed by him was worthless and

liable to cause injury and damage to any person who should accept the same for what it purported to be and that person to whom said instrument might come would be deceived thereby, made, contrived and executed the said instrument as a copy of said note carelessly and negligently permitted the said instrument to pass from his custody and control; and the plaintiff, being in the exercise of due and reasonable care, before the date on which said instrument purported to mature, accepted said instrument as a true and genuine note of said town, and gave therefor good and valuable consideration, and, being in the exercise of due care and diligence, through the carelessness and negligence of the defendant, as aforesaid, suffered much loss and damage."

The copy of the note marked " A " was the same as that inserted in the second count.

The defendant demurred to the second and third counts of the declaration, and specified as grounds of demurrer, 1, that neither of these counts set forth a legal cause of action, and, 2, that neither of these counts set forth a legal cause of action substantially in accordance with the provisions of R. L. c. 173.

The judge sustained the demurrer and ordered judgment for the defendant; and the plaintiff appealed.

*E. C. Bates*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant, was not called upon.

MORTON, J.    This case comes here on appeal by the plaintiff from an order sustaining a demurrer to the second and third counts of the declaration and entering judgment for the defendant.    The action is one of tort.

The second count alleges in substance that the defendant, intending to deceive any person to whom it might come, made a written instrument in imitation of and purporting to be a negotiable promissory note of the town of Watertown, and unlawfully signed thereto the names of the persons holding the offices of selectmen and treasurer, and, knowing that any person to whom such instrument might come would be deceived thereby though using reasonable diligence, carelessly permitted it to pass from his custody and control, and the plaintiff being in the exercise of due and reasonable care and diligence took the same before maturity for value.

The third count omits the allegations that the instrument was made by the defendant with the intent to deceive and defraud any person to whom it might come, and alleges that the defend- ant knew that it was worthless. Otherwise the allegations are substantially the same as those contained in the second count. A copy of the instrument is incorporated into the second count, and annexed to the third count, and represents an instrument payable to bearer.

We think that the ruling was right. It is manifest that there was nothing harmful in the instrument itself, and the defendant, therefore, owed the plaintiff no duty to prevent its escape or loss. It became harmful to the plaintiff only by the act of some third person which could not be reasonably anticipated and which the defendant was not therefore required to guard against. His knowledge that the note was worthless and his execution of it with the intent to defraud any one to whom it might come do not without anything more render him liable to the plaintiff. In order to render him liable to the plaintiff, some act of com- mission or some representation or misfeasance on his part which caused the plaintiff to take the note as genuine, is necessary. Mere negligence on his part, though accompanied by a general fraudulent intent in executing the note, is not enough to render him liable. See *Arnold* v. *Cheque Bank*, L. R. 1 C. P. D. 578. It is manifest that no matter how much the defendant may have intended to deceive any one into whose hands the instrument might come, no wrong was done to any one and no possible right of action accrued to any one, so long as the note remained in his own possession and he did nothing to give it currency.

*Judgment affirmed.*