.(84 South. 549) ·

CANNON v. DILLEHAY et al.　(8 Div. 622.)

(Court of Appeals of Alabama.　Dec. 16, 1919.)

1. BILLS AND NOTES ⊚⇒63—HAVE NO LEGAL INCEPTION UNTIL DELIVERY.

As a general rule, a note has no legal inception or valid existence as such until it has been delivered in accordance with the intent and purpose of the parties.

2. BILLS AND NOTES ⊚⇒382—UNTIL DELIVERY OF NOTE, INNOCENT PURCHASER CAN ACQUIRE NO RIGHTS.

Where there was no delivery of a note, an innocent purchaser from one obtaining possession can acquire no rights.

3. BILLS AND NOTES ⊚⇒382 — DEFENDANTS ALLOWING NOTES TO GET INTO CIRCULATION ARE ESTOPPED TO DENY DELIVERY.

Where defendants negligently allowed notes meeting every requirement of Code 1907, § 4958, to get into circulation, defendants are estopped to deny a valid delivery in a suit by an innocent holder for value, under section 5012.

4. BILLS AND NOTES ⊚⇒338—ONE ACQUIRING NOTES WITHOUT NOTICE OF INFIRMITY IS HOLDER IN DUE COURSE.

Under Code 1907, § 5007, plaintiff, who had no notice of any infirmity or defect in notes fair and regular on their face, or the title of the person negotiating them at the time he acquired the same for value in due course is holder.

5. BILLS AND NOTES ⊚⇒354 — PURCHASE OF NOTES AT DISCOUNT HELD NOT TO ESTABLISH BAD FAITH.

That plaintiff purchased notes at ·a 20 per cent. discount *held* not to establish bad faith, and that he was not a bona fide purchaser.

6. BILLS AND NOTES ⊚⇒497(3)—PAYMENT OF VALUE CASTS ON OPPOSITE PARTY BURDEN OF PROVING NOTICE.

Proof of purchase before maturity for valuable consideration casts on opposite party the burden of proving that the purchaser had notice of infirmities.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by W. D. Cannon, Jr., against H. W. Dillehay and others.　Judgment for defendants, and plaintiff appeals.　Reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

The amount of discount does not indicate bad faith.　80 Ala. 262; 120 Ala. 493, 24 South. 959.　Dillehay's action constituted negligence as to any subsequent innocent purchaser of the paper.　106 Ala. 535, 18 South. 154; 120 Ala. 493, 24 South. 959; 18 Ala. 227.

Eyster & Eyster and Tennis Tidwell, all of Albany, for appellees.

No brief come to the Reporter.

SAMFORD, J.　The submission of this case was had in conformity to rule 46 of the Supreme Court (178 Ala. xix, 65 South. vii), and the case decided by the court sitting en banc, before the preparation of an opinion.

The plaintiff's action is grounded on four promissory notes dated May 9, 1914, the first three for $140 each, and the last for $130, payable, one, two, three, and four months after date, for value received, and payable to the order of Brenard Manufacturing Company, of Iowa City, Iowa.　Plaintiff claims to be the owner of the notes by purchase, for a valuable consideration, in due course and before maturity.　The defendants by plea make general denial, and further say that the notes are without consideration, being a part of a contract which was not complied with on the part of Brenard Manufacturing Company, of which fact the plaintiff had knowledge at the time he purchased the notes.　The plaintiff replies, denying this, and alleges that he holds the notes as a purchaser, in due course, for value without notice.

[1-3] The notes meet every requirement of the statute necessary to bring them under the protection of the negotiable instrument law as laid down in the Code of 1907, § 4958. It is admitted in the evidence that the notes were signed by a member of the defendant firm authorized to bind the defendant in the premises, but it is claimed that while the defendant and the agent of the Brenard Company were negotiating a contract with reference to an advertising scheme, these notes were signed, and without the consent of defendant, and against his express declaration, the agent of the Brenard Company took the notes from the store of defendant, and never consummated the contract, by failing to comply with its terms, in furnishing a certain bond therein stipulated, and therefore no delivery of the notes was ever made.　As a general rule, a negotiable promissory note has no legal inception or valid existence as such, until it has been delivered, in accordance with the purpose and intent of the parties.　3 R. C. L. p. 1025.　If, therefore, there was no delivery of the notes in accordance with the purpose and intent of the parties, the purchaser from the Brenard Company could not acquire any rights thereto against the maker.　Cline v. Guthrie, 42 Ind. 227; Costello v. Barnard, 190 Mass. 260, 76 N. E. 599, 3 L. R. A. (N. S.) 212, 112 Am. St. Rep. 328.　But this court is of the opinion that the evidence in this case shows, without conflict, that there was a delivery of the notes to the agent of the Brenard Company, or that the defendant negligently allowed the notes to get into circulation, and is therefore estopped to deny a valid delivery in a suit by an inno-

cent holder for value. Code 1907, § 5012; 3 R. C. L. p. 1025.

[4] It is also shown by the evidence, without conflict, that the notes were complete and regular on their faces; that the plaintiff became the holder of them before maturity; that he took them in good faith, for value; and that at the time the notes were negotiated to him, plaintiff had no notice of any infirmity in the notes or defect in the title of the person negotiating them. This constituted plaintiff a holder in due course, as defined by section 5007 of the Code of 1907, and entitles him to the protection of the law merchant. It is true defendant offered some circumstances that might give rise to a suspicion that plaintiff knew of the course of dealings generally of the Brenard Company and its customers or clients, but none of these circumstances, or all of them combined, are sufficient to overturn the direct evidence of plaintiff and his witnesses, to the effect that the transaction was in all respects in due course of business, and without any notice of the unfulfilled contract between the Brenard Company and defendant, if indeed it be conceded that the Brenard Company was in default.

[5, 6] Under the facts in this case the purchase of the notes at a discount of 20 per cent. was not a badge of fraud, nor did that fact, when considered with the other evidence, show, or tend to show, bad faith on the part of the plaintiff in the purchase of the notes sued on. Cap. City Ins. Co. v. Quinn, 73 Ala. 558. The undisputed facts show that the plaintiff purchased the notes sued on before maturity, and paid a valuable consideration therefor. This casts upon the defendant the burden of proving notice of infirmities in the notes, and as to this defendants have utterly failed. Wildsmith v. Troy et al., 80 Ala. 255.

These questions have been raised in many different ways, by the pleadings, by objections to testimony, and by written charges; but, as we view the law, as applied to the facts, further discussion is unnecessary. The plaintiff was entitled to the affirmative charge, and for this error in refusing to give the charge as requested the judgment is reversed, and the cause is remanded.

Reversed and remanded.