(88 South. 901)

### DILLEHAY BROS. et al. v. CANNON. (8 Div. 335.)

(Supreme Court of Alabama. April 21, 1921.)

Appeal and error ⟨key⟩1213—Former decision by appellate court plaintiff was entitled to affirmative charge determines his right thereto on same evidence.

Where, on former appeal to the Court of Appeals, it was decided that plaintiff was entitled to the general affirmative charge, and no application for rehearing in the Court of Appeals appears, and no recourse to the Supreme Court for certiorari was had, the trial court, on a retrial on the same evidence, properly gave the affirmative charge.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Assumpsit by W. D. Cannon, Jr., against Dillehay Bros. and others, on certain promissory notes. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Affirmed.

Eyster & Eyster and Tennis Tidwell, all of Albany, for appellants.

Court erred in directing verdict for the plaintiff. Sections 5007, 5010, Code 1907; 3 R. C. L. 1025; 189 Ala. 418, 66 South. 510; 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 840; 9 Ala. App. 352, 63 South. 742; 38 Neb. 620, 57 N. W. 664, 41 Am. St. Rep. 762; 3 R. C. L. 1055; 145 Iowa, 185, 123 N. W. 1000, 29 L. R. A. (N. S.) 638.

E. W. Godbey, of Decatur, for appellee.

This case must be affirmed, on the authority of Cannon v. Dillehay, 17 Ala. App. 294, 84 South. 549, and authorities there cited.

McCLELLAN, J. The previous appeal in this cause to the Court of Appeals is reported in 84 South. 549, 550.[3] No application for rehearing in the Court of Appeals appears to have been made or acted upon, and hence no recourse to certiorari to this court to review that action of the Court of Appeals. It

_____

[3] 17 Ala. App. 294.

was there decided that the plaintiff was due the general affirmative charge.

The judgment entry on the present appeal recites:

"Came the parties by attorney, and, this cause being called for trial, and upon the orders of the court that the pleadings be settled, and the issues being the same as upon the former trial of·this cause, plaintiff introduced the same evidence as upon the former trial, and both parties made the same objections to evidence as upon the former trial, and the court made the same rulings upon the evidence as upon the former trial, and, issue being thus joined, let a jury come," etc.

On retrial, after reversal, the court gave the general affirmative charge for plaintiff, as was its duty under the opinion of the Court of Appeals. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.