(95 South. 338)
SOUTHERN FINANCE CO. v. FOSTER.
(6 Div. 94.)

(Court of Appeals of Alabama. Jan. 16, 1923. Rehearing Denied Jan. 30, 1923.)

I. Master and servant ⬅➡341—Causing termination of relation actionable.

One who wrongfully caused the contractual relations existing between an employee and his employers to be broken up is liable to the employee for the resulting damage, although such relations could have been terminated at the pleasure of either party.

2. Master and servant ⬅➡341—Complaint for causing discharge held sufficient.

A complaint alleging that defendant served a notice on the employer of plaintiff stating, in substance, that it held a valid assignment on plaintiff's wages, that on the day served it did not have a valid assignment of plaintiff's wages, or any legal claim thereto, and that the wrongful malicious service of such notice was the proximate cause of plaintiff's discharge, to his damage, states a cause of action, and is not subject to demurrer.

3. Appeal and error ⬅➡1060(1)—Uncomplimentary reference in testimony to class of business men represented by defendant insufficient to reverse judgment for plaintiff where free from prejudice.

In an action against a personal loan company for wrongfully and maliciously causing plaintiff's discharge from employment by serving notice on his employer that it had an assignment of his wages, a reference to the class of business men represented by defendant as "parasites" in view of evidence that it charged $4 per two weeks on $20 was not sufficient to warrant reversal of judgment for plaintiff, especially in view of the admission of defendant that the verdict was small, and apparently free from prejudice.

---

**4. Trial ☞143—General charge properly refused where evidence conflicting.**

Where the evidence was conflicting as to questions in issue, a requested general charge was properly refused.

**5. Master and servant ☞341—One may legally enforce valid contract, though actuated by malice.**

If one has a valid contract he has the right to enforce it legally, and to make such demands and to give such notices as are necessary to that end, even if he have malice toward the party against whom he is proceeding, and thereby causes the party to be discharged by his employer.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by Robert Foster against the Southern Finance Company, for damages for wrongfully and maliciously causing his discharge from employment. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied Ex parte Southern Finance Co., 209 Ala. 113, 95 South. 340.

To the complaint as amended defendant assigned the following grounds of demurrer:

"First. Said complaint fails to allege wherein said assignment was invalid.

"Second. Said complaint fails to allege that defendant knew said assignment was void.

"Third. Said complaint fails to allege that defendant served notice of said assignment upon the employer of plaintiff for the purpose of having plaintiff discharged.

"Fourth. Said complaint fails to allege that defendant had probable cause to believe that plaintiff would be discharged if defendant served notice of his assignment with the Louisville & Nashville Railroad Company, the employer of plaintiff.

"Fifth. Said complaint fails to allege that defendant had reasonable cause to believe that the assignment, notice of which was given the railroad company, was void.

"Sixth. Said complaint as amended fails to allege that defendant knew or had reasonable cause to believe that plaintiff would be injured if defendant served notice of the assignment upon the railroad company, the employer of plaintiff."

Charge 2 requested by defendant and refused by the court is as follows:

"I charge you, gentlemen of the jury, that, although you are reasonably satisfied from the evidence that the assignment was void under the law, still this in itself, would not constitute willfulness or maliciousness."

D. D. Trimble, of Birmingham, for appellant.

Where one does an act that he has a lawful right to do, the doing thereof, though it may cause injury to another, does not give the other a right of action against the person so acting. 163 Ala. 348, 50 South. 1008; 206 Ill. 493, 69 N. E. 526, 99 Am. St. Rep. 185; 232 Ill. 424, 83 N. E. 940, 14 L. R. A.

(N. S.) 1018, 13 Ann. Cas. 54; 90 Me. 166, 38 Atl. 96, 60 Am. St. Rep. 252. Act March 9, 1901, regulating the business of money brokers (Acts 1901, p. 2685), is void. Const. U. S. Amend. 14; 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; 96 Tenn. 696, 36 S. W. 697, 33 L. R. A. 589; 115 Ill. 98, 3 N. E. 720; 70 Mich. 534, 38 N. W. 470; 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; Const. Ala. § 104; 141 Ala. 121, 37 South. 332, 67 L. R. A. 286, 109 Am. St. Rep. 23, 3 Ann. Cas. 319.

Beddow & Oberdorfer, of Birmingham, for appellee.

No brief reached the Reporter.

SAMFORD, J. The complaint was stated in a single count as follows:

"Plaintiff claims of defendant, the sum of $15,000 as damages, for heretofore, on, to wit, 15th day of February, 1921, the plaintiff was in the employment of the Louisville & Nashville Railroad Company, that on, to wit, said day the defendant's agent or servant, acting within the line of his employment, served a notice on the plaintiff's said employer in substance that the defendant held a valid assignment on the plaintiff's wages; plaintiff avers that the defendant on said day did not have a valid assignment of said plaintiff's wages, and had no legal claim to plaintiff's said wages, and plaintiff avers that the defendant's said agent or servant, acting within the line and scope of his authority, with knowledge that defendant had no valid assignment and no legal claim to plaintiff's said wages, wrongfully and maliciously caused said notice to be served on plaintiff's said employer, and as a proximate consequence plaintiff was rendered unable to work for his said employer, and suffered loss of time pending the investigation of said assignment and its release, was caused to be discharged, was injured in his credit, was inconvenienced, and was caused to suffer great mental anguish and plaintiff claims punitive damages."

[1, 2] If the defendant without any lawful right broke up, or through their agents caused to be broken up, the contractual relations existing between plaintiff and his employers, although such relations could have been terminated at the pleasure of either party, and as a proximate result thereof there was damage to plaintiff, defendant would be liable to plaintiff for such damage. T. C. I. & Ry. Co. v. Kelly, 163 Ala. 348, 50 South. 1008. The complaint states that cause of action in accordance with the above, and is not subject to the grounds of demurrer assigned.

The second assignment of error raises the question of the constitutionality of the act approved March 9, 1901 (Acts 1901, p. 2685), but this assignment is expressly withdrawn.

[3] The argument of plaintiff's counsel, made the basis of assignments 3 and 4, was

justified by the evidence and inferences to be drawn therefrom. It is true evidence of earlier-transactions by plaintiff with another loan company were on motion of defendant excluded, but on cross-examination of other witnesses facts were admitted, without objection, warranting an inference that plaintiff had begun dealing with Ison & Co.; that this account had been transferred to defendant; that the charge for the loan, was $4 per two weeks on $20, and, if this were so, and defendant's business was of that character, a reference to that class of business men as "parasites" would not be sufficient to warrant a reversal of this case; especially is this so, where "the verdict is small and apparently free from prejudice," as is admitted in appellant's brief, from which is taken the foregoing quotation.

[4] The evidence was in conflict, and the questions at issue were properly submitted to the jury. Therefore the general charge as requested by defendant was properly refused. That phase of the case covered by refused charge 2 had already been fully covered by the court in its oral charge, and as requested the charge was calculated to mislead the minds of the jury.

[5] Following the authorities cited in T. C. I. & Ry. Co. v. Kelly, 163 Ala. 348, 50 South. 1008, a case involving similar principles as those involved in the case at bar, the Supreme Court laid down this rule:

"If the defendant wrongfully and maliciously procured the discharge of the plaintiff, it is liable to him for the damages proximately resulting from that discharge, though Waggoner & Hannon [his employers] were not liable for discharging him, and had a right to discharge him at any time, with or without cause. But, on the other hand, if the defendant had a right to do what it did, and in doing it terminated its contract with Waggoner & Hannon, thus causing the latter to discharge the plaintiff, and he suffered loss in consequence, then defendant is not liable, though its action in terminating its contract was actuated by malice towards plaintiff, and was intended to injure him."

In other words, if a man have a valid contract, he has a right to enforce it legally and to make such demands and give such notices as are necessary to that end even if he have malice towards the party against whom he is proceeding. The judge before whom this cause was tried, seems to have had well in mind the foregoing principles, and his rulings were in accord therewith.

The court's oral charge and the 11 written charges given in writing at the request of the defendant fully cover every phase of the case made by the pleadings and the evidence. There were 38 refused charges, each of which appellant assigns as error, but in brief not one of these charges is supported by citation of authority. Many of them are covered in given charges and in the oral charge of the court; some of them are misleading, and some of them are mere arguments. Reading and considering the whole record, the court is of the opinion that the appellant has not been injuriously affected by any adverse ruling of the trial court, and the judgment is affirmed.

Affirmed.