2 So.2d 449

### KNOX v. MOSKINS STORES, Inc.

6 Div. 788.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

Ross, Ross & Ross, of Bessemer, for appellant.

Jas. H. Bradford, of Birmingham, for appellee.

Borden Burr, of Birmingham, amicus curiae.

LIVINGSTON, Justice.

This appeal is from a judgment for defendant, entered after demurrers were sustained to plaintiff's complaint, and he declined to plead further.

The complaint contains seven counts. Count 6 is illustrative of plaintiff's claim, and is as follows:

"Plaintiff claims of the defendant $3,000.00, as damages, for that heretofore on, to-wit, December 23, 1938, the defendant's agent or servant, whose name to the plaintiff is unknown, while acting within the line and scope of his employment, wrongfully and maliciously placed with the plaintiff's employer, the Tennessee Coal, Iron & Railroad Company, a corporation, an alleged assignment of wages or notice of assignment of wages by the plaintiff to the defendant, on which said assignment or notice of assignment the plaintiff's said employer withheld the plaintiff's wages and paid the same to the defendant in the sum of to-wit, $25.06, which was then owing and unpaid to the plaintiff, which the said defendant retains.

"And the plaintiff says that at the time of the placing of said assignment of wages or notice of assignment with his said employer said assignment, if signed by the plaintiff, was absolutely void for that said assignment was over one year old, and the wages withheld by the defendant's said employer as aforesaid were not earned within thirty days from the date of such assignment, but were earned after a lapse of thirty days from the date of such assignment. And the plaintiff further says that he demanded of the defendant that the defendant release said assignment or notice but that notwithstanding such demand the defendant maliciously refused to release said assignment or notice thereof, well knowing that said assignment was absolutely void.

"And the plaintiff says as a proximate consequence thereof he lost considerable time, to-wit, four days from his employment, that his credit was impaired, and he lost the said amount of $25.06, and was deprived of the necessities of life and of the

use of said $25.06 and has been greatly annoyed and inconvenienced and caused to spend money for transportation in an effort to secure the release of said wages and has been caused to suffer mental anguish, and plaintiff claims punitive damages."

Counts 1, 2 and 3 deny the execution of an assignment of wages to the defendant; while counts 6 and 7 allege that the assignment of wages, if signed by plaintiff, was void. These five counts are alike in all material aspects, and will be treated together.

 We are unable to draw any distinction, in legal effect, between the allegations of the counts now under consideration and the allegations in the count set forth at length in the case of Pickens v. Hal J. Copeland Grocery Co., 219 Ala. 697, 123 So. 223, 224. The Court there said:

"So far as we are aware, the extent to which this court has gone to justify a suit resembling in any respect that of the nature of the one shown on this appeal is to hold that an action will lie for damages on account of an interference with one's trade or profession under certain circumstances (Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.[N.S.] 1224), and for damages by one due to the conduct of another in causing him to be discharged from his employment under the circumstances stated (United States F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; Tennessee Coal I. & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; Southern Finance Co. v. Foster, 19 Ala.App. 109, 95 So. [338] 339).

"On the other hand, the court in the case of Erswell v. Ford, 208 Ala. 101, 94 So. 67, approved the following statement: 'An action cannot in general be maintained for inducing a third person to break his contract with the plaintiff; the consequences after all being only a broken contract for which the party to the contract may have his remedy by suing upon it.' The exceptions to this general rule are also noted. * * *

"We do not find that the form of action sought to be maintained in this case has found support in any authority. While some hold generally that for causing the breach of a contract it will lie (different from the Alabama rule), none have applied it, so far as we know, where the breach merely consisted, as here, in the failure to pay a debt to collect which there is provided by law an adequate and complete remedy, and the validity of the debt or legal right to collect it is not thereby affected."

If the plaintiff did not in fact make an assignment of his wages, or had signed one which was void when notice of it was served on his employer, the result is the same, a breach of contract between employer and employee, for which the employee has a complete and adequate remedy.

The court properly sustained the demurrers to counts 1, 2, 3, 6 and 7.

Counts 4 and 5 claim damages for the conversion by the defendant of the following chattels, an account of $25.06 owing by the Tennessee Coal, Iron & Railroad Company, a corporation, to plaintiff for work and labor done for the said Tennessee Coal, Iron & Railroad Company, at its request, the property of the plaintiff.

 Trover lies only for wrongful appropriation of personal property specific enough to be identified. 38 Cyc. 2011; Cooley on Torts (4th Ed.) p. 496. The term "account," as here used, means a demand or claim, or right of action. It is a mere incorporeal right to a certain sum, or to the collection of a debt. In this sense, it has no tangible entity, and will not support an action of trover. 1 Corpus Juris 596, § 1. 1 C.J.S.; Account, p. 571. Demurrers were properly sustained to counts 4 and 5.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.