REESE *v.* STATE.

(In Banc.   Dec. 20, 1941.)

[5 So. (2d) 236.   No. 34824.]

Means Johnston, Richard Denman, and Berry D. Brown, all of Greenwood, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

Argued orally by **Richard Denman** and **Berry D. Brown**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of embezzling money belonging to the Southern Undertaking Association that came into his possession as an agent or employee of the Association. He requested, but was refused, an instruction directing the jury to find him not guilty.

The evidence discloses that the Southern Undertaking Association, a corporation, was engaged in the undertaking and burial insurance business at Itta Bena, Mississippi. The appellant was its bookkeeper and his only duty to or authority from the Association in addition thereto was to make out the corporation's sales tax returns.

E. R. Gibson was engaged in a similar business at Durant and Lexington under the name of E. R. Gibson Agency. The appellant while serving the Southern Undertaking Association as its bookkeeper was also employed by Gibson to look after his "sales tax, income, and social security."

At various times during 1938 and 1939 Gibson delivered to appellant checks, ten in number, drawn by E. R. Gibson Agency on Merchants' & Farmers Bank at Durant, payable to the order of Southern Undertaking Association, each for $18.43, and reciting that it was for sales taxes. When asked why he did this Gibson replied "because he was bookkeeper for the Southern Undertaking Association and I had him employed to look after my sales tax, income and social security;" and when asked "why he made the checks payable to the Southern Undertaking Association instead of the State Tax Commission," he

replied "because he was handling their taxes . . . he was looking after the taxes for me and he was just supposed to run it through the regular channels of the Southern Undertaking Association's taxes."

The appellant did not deliver any of these checks to the Southern Undertaking Association and it did not receive the proceeds of any of them except one which the appellant delivered to an employee of the Association, who, at his request, gave him the money for which it was drawn and then endorsed and deposited it to the Association's credit in the Bank of Itta Bena. All of the other checks, appearing to have been properly endorsed, were presented to and paid by the Bank of Itta Bena and were by it collected from the drawee bank at Durant. Who endorsed these checks, delivered them to the Itta Bena Bank and received the money thereon does not appear except as to three of them. These three were endorsed by the appellant in his own name and by someone also in the name of the Southern Undertaking Association and were delivered by the appellant to and cashed for him by the Itta Bena Bank.

The evidence is silent as to whether the Gibson Agency's sales taxes were paid. The appellant did not testify.

Two reasons assigned by the appellant in support of his right to a directed verdict are that the evidence fails to disclose (1) that the checks or their proceeds were the property of the Southern Undertaking Association; and (2) that the appellant converted the checks or their proceeds to his own use.

Checks of the character of those here under consideration remain the property of the drawer unless and until there is a valid delivery and acceptance thereof or their equivalent to and by the payee. Section 2872, Code of 1930; Love v. Mayor, etc., 166 Miss. 322, 148 So. 382; 10 C. J. S., Bills and Notes, secs. 78 and 80; 7 Am. Jur., Bills and Notes, Section 32. The delivery of these checks was to an employee of the payee who was without authority to accept them. Consequently, they did not become thereby

the property of the payee and could not have here so become until they were delivered by the appellant to and accepted by it, in the absence of which, they remained the property of the drawer to whom the appellant is accountable therefor. This being true, no necessity arises for considering whether or not the evidence discloses a conversion by the appellant of these checks or their proceeds to his own use.

The appellant's request for a directed verdict should have been granted.

Reversed and remanded.