**LOCAL TRADEMARKS, Inc. v. PRICE et al.**

**No. 12236.**

United States Court of Appeals Fifth Circuit.

Nov. 26, 1948.

Frank J. Dishuck and Jane Kimbrough Dishuck, both of Tuscaloosa, Ala., for appellant.

716

Hyman Rosenfeld and C. W. Gross, both of Tuscaloosa, Ala., for appellees.

Before McCORD and LEE, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

This is an appeal from a judgment of the court for the Northern District of Alabama. Appellant, a corporation, plaintiff in the court below, sought damages for the infringement of a copyright. Recovery was denied upon the ground that its cause of action was barred by the one year statute of limitations of the State of Alabama.

Appellant on June 2, 1947, filed its complaint against Robert D. Price, doing business as Tuscaloosa Flower Shop, in which complaint it averred that it was engaged in the business of originating and preparing books containing advertising material including cuts and plates for advertising purposes by business firms under contract with it. That for these purposes it has originated, written, prepared and produced an original book entitled "Miss Flora Series of Newspaper Advertisements, Vol. 5," and that same was duly copyrighted and registered in the office of Copyrights of the United States and a certificate of such registration was duly issued to plaintiff by the registrar of Copyrights on the 26th day of January 1940, and that there was thereby secured to plaintiff the exclusive right to the aforesaid copyrighted book including the exclusive right to print, publish, and vend all illustrations, cuts, and engravings pertaining thereto.

Plaintiff averred that since the 19th day of December 1939, the book published by it and all copies made by plaintiff or under its authority had contained the notice of the copyright, as prescribed by Title 17, Section 18, U.S.C.A. and that all matrices or plates made for the purpose of multiplying copies of any parts of the copyrighted book for use in newspapers or other advertising media, furnished to persons licensed by it to multiply copies thereof, contained notice of the copyright. That it is now the sole owner of the copyrighted book and has been at all times since its publication.

Plaintiff alleged that the appellee, Robert D. Price, is the owner of the Tuscaloosa Flower Shop, doing business as the Tuscaloosa Flower Shop, and that on the 13th day of November, 1941, contracted with the plaintiff for the use of mats with which to make copies of plaintiff's copyrighted advertising material contained in the copyrighted book, Miss Flora Series of Newspaper Advertisements, Vol. 5, and was thereby granted the license to use the cuts, prints, and illustrations of the copyrighted work in newspapers and other advertising media in the City of Tuscaloosa for a period of one year only, beginning December 1, 1941, and ending November 31, 1942, and that all rights of defendant thereunder expired on that date. Plaintiff averred further that thereafter the defendant without right used the mats and material of plaintiff and infringed plaintiff's copyright on numerous occasions beginning December 6, 1942, and continuing till May 12, 1946, by publishing or causing to be published, without authority, component parts, consisting of copyrighted cuts, plates, illustrations or engravings of plaintiff's copyrighted book. Plaintiff did not claim that defendant had infringed at any time since May 12, 1946, or that he was threatening to do so.

The prayer of the complaint was for an injunction and for such damages as plaintiff may have sustained as a consequence of the infringements and to account for all the gains and profits derived by the defendant by virtue of the infringements or for such damages as to the court would appear proper within the Copyright Statutes but for not less than $250 for each infringement, and that the defendant be required to deliver up for destruction all infringing copies and all plates, molds, matrices and other matter for making such infringing copies.

Defendant filed a motion to dismiss the complaint setting up the claim that he was not the owner of the Tuscaloosa Flower Shop nor doing business as the Tuscaloosa Flower Shop but that in fact Mrs. Alva J. Rogers was the sole owner and proprietor of said business and had been at all times complained of. That he owned no interest therein and had not at any time. He also asserted the claim that the cause of action, if any, was barred by the Statute of Limi-

tations of the State of Alabama. Accompanying the motion was his affidavit that he owned no interest in the Tuscaloosa Flower Shop and had not at any time, but that as a matter of fact, Mrs. Alva J. Rogers was the sole owner and the proprietor thereof and that she was a separate and distinct person from himself and that she was the only person known to him who was doing business as the Tuscaloosa Flower Shop.

Upon the filing of this motion and affidavit, and before it was ruled upon by the court, the plaintiff filed a motion to bring in new parties, to wit: Mrs. J. M. Rogers, Roberta Rogers Price, also known as Mrs. Robert D. Price, Richard Roe and John Doe, and all other parties whose names were unknown to it, but would be supplied as soon as ascertained who might be found to own any interest in the Tuscaloosa Flower Shop, and moved the court for an order to make these parties defendants along with Robert D. Price. The court sustained the motion and permitted the plaintiff to file an amended complaint against Mrs. J. M. Rogers, Roberta Rogers Price, Richard Roe and John Doe and all other parties who own a proprietary interest in the Tuscaloosa Flower Shop. The amended complaint was filed by which these new parties were brought in as defendants. The amended complaint contained substantially the same allegations as the original complaint and averred that all the defendants owned and operated the Tuscaloosa Flower Shop and had infringed plaintiff's copyright. The dates of the alleged infringements by all the defendants were the same as alleged in the original complaint. The prayer was substantially the same.

The defendants filed separate motions to dismiss the amended complaint for various reasons, one of which is that the claim is barred by the one year Statute of Limitations of Alabama but before this motion was considered by the court, the defendants, reserving unto themselves the rights under their motions, filed a motion for a summary judgment based upon the pleadings and affidavits of Roberta Rogers Price and of Glenn Jones. The affidavit of Roberta Rogers Price states in short that she owns no interest in the Tuscaloosa Flower Shop and that no one other than Mrs.

Alva J. Rogers owns any interest therein. That Mrs. Alva J. Rogers is now and was at the times of the alleged infringements the sole owner thereof. The affidavit of Glenn Jones states that he is the advertising agent of the Tuscaloosa News. That the Tuscaloosa Flower Shop turned over to the Tuscaloosa News for use in advertisements of the Tuscaloosa Flower Shop in the paper certain mats and reading matter furnished by Local Trademarks, Inc., under contract between it and the Tuscaloosa Flower Shop, dated November 13, 1941. That none of these mats or reading matter was ever returned by the Tuscaloosa News to the Tuscaloosa Flower Shop, but all of them were destroyed by the Tuscaloosa News prior to June 2, 1947. These affidavits were *not* denied by plaintiff and it therefore appears that there is no issue of fact, but only a question of law.

Plaintiff grounds its suit upon infringement and relies upon Section 25, Title 17, U.S.C.A. and claims the remedies and damages therein provided. Its claim is not based upon any implied contract for the use of its copyrighted materials but exclusively upon infringement. The Act of Congress pertaining to copyrights contains no statute of limitations and in the absence of a Federal statute of limitations, an action for an infringement is governed by the limitations existing for the class of actions to which it belongs in the state where it is brought. Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109; McCaleb v. Fox Film Corporation, 5 Cir., 299 F.48. The applicable law of Alabama will apply.

The court below sustained the motion for a summary judgment and dismissed the complaint upon the ground that the claim was barred by the one year Statute of Limitations. The Alabama Code of 1940 provides, Title 7, Section 21:

"The following must be commenced within six years: * * *

"Actions for the detention or conversion of personal property.

* * * * * *

"Actions for the recovery of money upon a loan, upon a stated or liquidated ac-

718

count, or for arrears of rent due upon a parol demise."

       *    *    *    *    *    *

"Actions upon any simple contract or specialty, not herein specifically enumerated."

Section 24 provides that the following actions, along with others, must be commenced within three years: "Actions to recover money due by open or unliquidated account, the time to be computed from the date of the last item of the account, or from the time when, by contract or usage, the account is due."

Section 26 provides that the following ones, along with others, must be commenced within one year: "Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

■ The federal courts are required to give such construction to a state statute of limitations as the courts of that state give. Moore v. Illinois C. Railroad Company, 312 U.S. 630, 61 S.Ct., 754, 85 L.Ed. 1089.

It is the contention of appellant that the infringement of a copyright is a conversion of incorporeal personal property and that in Alabama a suit for an infringement of a copyright belongs to that class of actions known as conversions of personal property and that therefore the six year statute of limitations is applicable. It is further contended that if mistaken in the above then the action is governed by the three year statute because it is of the same nature as an action for the recovery of money due by open or unliquidated account. No applicable Alabama authority has been cited and we have been unable to find any approving the above contentions. Authority has been cited that there may be a conversion of certain types of intangible rights represented by special instruments which give control, such as a check, bill of lading, etc.; Prosser on Torts, Chapter 33, pages 76–111. However, the question to be determined here is what statute of limitations of Alabama applies as determined by the Alabama Supreme Court. It is the contention of appellees that the action must be commenced within one year from the date of infringement.

■ A copyright is an intangible, incorporeal right in the nature of a privilege or franchise and is independent of any material substance such as the manuscript or plate used for printing. It is entirely disconnected therefrom. Vol. 18 C.J.S., Copyright and Literary Property, § 19, page 162. The Alabama Supreme Court, in the case of Clay County Abstract Company v. McKay, 226 Ala. 394, 147 So. 407, 409, said: "The copying of the books was not a conversion of the books themselves, but, at most, an invasion of the plaintiff's common-law copyrights, which 'is an intangible incorporeal right, and exists separate and apart from the property in the paper on which it is written or the physical substance in which it is embodied.' * * * The principle is clearly stated by the court in Werckmeister v. American Lithographic Co., C.C., 142 F. 827, 830, thus: 'The author of a painting, when it is finished, before publication, owns a material piece of personal property, consisting of the canvas and the paint upon it. He also owns an incorporeal right connected with it; that is, the right to make a copy of it. These two kinds of property, although growing out of the same intellectual production, are in their nature essentially and inherently distinct * * *.' This principle has been applied to a set of abstract books such as involved in this case." Banker v. Caldwell, 3 Minn. 94, Gil. 46.

■ The Alabama Supreme Court has construed that part of the statute with reference to the conversion of personal property and it is clear that an action for conversion of personal property to be controlled by the six year statute "lies only for wrongful appropriation of personal property specific enough to be identified. * * * The term 'account' as here used means a demand or claim, or right of action. It is a mere incorporeal right to a certain sum, or to the collection of a debt. In this sense, it has no tangible entity, and will not support an action of trover." Knox v. Moskins Stores, Inc., 241 Ala. 346, 2 So.2d 449, 450. The legislature of Alabama enacted several statutes of limitations and enumerated the actions to which they applied and then as a coverall it pro-

vided that "Actions for any injury to * * * rights of another, not arising from contract, and not herein specifically enumerated", should be brought within one year. An action for the infringement of a copyright is an injury to the rights of the owner, to an intangible, incorporeal right and does not arise from contract and in none of the statutes of limitations is such an action specifically enumerated. It cannot be classified as an action for the recovery of money due by open or unliquidated account. It is an action arising from an act of Congress and under the Alabama statutes of limitations can be classified only as an action for injury to the rights of another and must be commenced within one year. The lower court was correct in so holding.

Affirmed.