ROBERTS, Justice.
The lower court entered a summary judgment in favor of the plaintiff, Manufacturers Trust Company, appellee here, in á suit filed by it on two. promissory notes against the maker thereof, the Whitehall Realty Corporation, and an endorser, Arthur A. Kimmel, who was Secretary-Treasurer of Whitehall and had executed the notes on behalf of Whitehall. The plaintiff had discounted the notes for the payee thereon, the Spring Trading Corporation, which had transferred and endorsed the notes over to plaintiff. In their Answer, the defendants Whitehall and Kimmel pleaded (1) no consideration, (2) payment, and (3). lack of corporate authority on the part of Kimmel to execute the notes. On this appeal, the defendants contend that there were genuine issues of fact presented by their Answer, and that the lower court erred in entering summary judgment in favor of the plaintiff. This contention must be sustained.
It may be, as contended here by plaintiff, that the affidavits, depositions and exhibits showed there were'no genuine issues of fact as to defenses (2) and (3) supra; but it is otherwise as to the de.fense of “no consideration.” As to this issue, there remained undisposed of the question of whether a consideration had been paid and as to whether, at, the time the plaintiff discounted the -notes for the Spring Trading Corporation, it was -on notice that no consideration had as yet passed to that. Corporation from Whitehall. As in the case of Wilson v. Bachrach, Fla., 1953, 65 So.2d 546, “We have the definite impression from an examination .of the pleadings and depositions, .irrespective of the affidavits which appellees insist-were not timely filed, that a real question of fact was developed and that the judge, in reality, tried the case. This procedure is not authorized by the rule. It is only where all essential facts are beyond dispute and nothing remains but to determine whether the movant is entitled to a judgment based on those facts that the operation of the rule obviates the need of a jury.”
*476 Accordingly, the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
DREW, C. J., TERRELL, J., and PARKS, Associate Justice, concur.