STURGIS, Chief Judge.
This is an appeal from summary judgment for plaintiffs in an action of ejectment wherein defendant’s answer denied the material allegations of the complaint. The answer also alleged title in defendant to a parcel of property other than that described in the complaint, the inference being that defendant was in possession of that parcel and not of that described in the complaint. The relevancy of this part of the answer is not assailed on appeal.
At that juncture; therefore, it will be seen that plaintiffs were charging defendant with possession (the very essential of an action of ejectment) of a parcel of land as to which defendant has denied possession. With the pleadings in this state, plaintiffs moved for summary judgment and filed a supporting affidavit pointing up the fact that the property described by defendant’s answer is not that described in the complaint. It is elemental, of course, that if the defendant was not in possession thereof at the commencement of the action, the action must fail.
The affidavit of the defendant in resistance of the motion denied that the plaintiffs own the land occupied by defendant and described in his answer.
Upon these affidavits, the trial court found that plaintiffs were owners in fee simple of the land described in the complaint, that the muniments of title upon which defendant relies describe and convey land lying wholly east of that described in the complaint, that defendant has no paper or other title to the land described in the complaint, that defendant never returned the land described in the complaint for taxation and never paid taxes thereon, that such occupancy as the defendant has had of that land does not constitute adverse possession, and that plaintiffs were entitled to recover possession thereof. Upon these findings judgment was entered that plaintiffs recover from defendant possession of the land described in the complaint.
We agree with appellants’ contention that the question of the actual location of the land described in the complaint, and that of possession, were questions of fact that were duly raised by the answer, and *877 that these issues were duly presented by the affidavits filed incident to the motion for summary judgment. At no point in the record does it appear that the defendant admitted occupancy of the property described in the complaint. The determination of that material issue must be resolved by a jury. It was therefore improper to enter the summary judgment. Meadows v. Edwards, Fla., 82 So.2d 733; Whitehall Realty Corp. v. Manufacturers Trust Co., Fla., 81 So.2d 475; Carter v. Livesay Window Co., Fla., 73 So.2d 411; Johnson v. Studstill, Fla., 71 So.2d 251; Enes v. Baker, Fla., 58 So.2d 551.
Reversed and remanded for proceedings consistent herewith.
PATTEN, GEO. L., A. J., concurs.
WIGGINTON, J., specially concurring.