McNATT, JOHN M., Associate Judge
(dissenting).
In their third amended complaint the Appellants alleged that they had purchased a lot from the Appellee for the purpose [known to Appellee] of constructing a house thereon for resale. They asserted that Appellee had caused the lot to be filled “with dirt and other obi ects over vegetation, logs, limbs and other trash, where an old pond or sinkhole had previously existed,” but falsely and fraudulently represented that the lot had not been filled. It was further alleged that “mistakenly believing that said lot had not been filled” and relying upon the said representations, Appellants paid Appellee $7,000.00 for the lot, but that the lot, as a result of “the filling,” had an actual value of only $1,000.00. Judgment for the damages sustained and a trial by jury were demanded.
Appellee filed motion for summary judgment with supporting affidavits, and the Appellants filed counter-affidavits. The motion was granted and summary judgment entered.
The counter-affidavits filed by Appellants supported the allegations of the third amended complaint respecting the alleged false representations and included a showing that a building permit secured by Appellants for “a single family residence” on the lot had been revoked. Although the affidavits filed by Appellee tended to negative liability, yet one of them showed that the lot had been filled to a depth of forty feet.
The pleadings and the affidavits referred to showed a condition that “ * * * was *182 buried below the surface of the land and was not apparently visible or discoverable without excavation of the property. Failure to learn of such defect in such a situation certainly should not be fatal to recovery for misrepresenting * * * ” that the lot had not been' filled. Ramel v. Chasebrook Construction Company [Fla.App.2d Dist.], 135 So.2d 876, text 879.
It is my view that the pleadings and the affidavits raised genuine issues of fact, so that the entry of summary judgment was erroneous. Whitehall Realty Corporation v. Manufacturers Trust Company, Fla., 81 So.2d 475; Alepgo Corporation v. Pozin, Fla.App., 114 So.2d 645; 30 Fla.Jur., pages 343-48.