445 So.2d 271 (1984)
Kathryn McCAIN
v.
P.A. PARTNERS LIMITED, d/b/a Best Western Inn.
82-575.
Supreme Court of Alabama.
January 20, 1984.
Charles E. Floyd, Phenix City, for appellant.
*272 J. Pelham Ferrell of Ferrell, Davenport & McKoon, Phenix City, for appellee.
TORBERT, Chief Justice.
Kathryn McCain appeals from a judgment entered after a directed verdict was given in behalf of her employer, P.A. Partners Limited, d/b/a Best Western Inn (Best Western), in a suit for conversion. The subject of the alleged conversion is a payroll check due McCain, appellant, and withheld by Best Western, appellee. Appellee essentially contended that appellant had not met her burden of proof of the elements of a cause of action for conversion.
The pertinent facts, as presented by appellant are: Kathryn McCain was an employee of Best Western in Phenix City between October of 1981 and May of 1982. She worked at the front desk near a safety deposit box to which she, and several other employees, had access.
One hundred ten dollars ($110) was stolen from the safety deposit box. A police investigation into the theft ensued and McCain came under investigation as one of three employees named by the manager as persons who could possibly have stolen the money.
McCain voluntarily went to the local police station, made a statement, and allowed her fingerprints to be taken. Several days later, she was informed she could not return to work without submitting to a polygraph examination; she agreed to take it.
Al Garcia administered the polygraph examination and concluded McCain "revealed signs of deception" when questioned concerning the missing money. McCain's employment with Best Western was terminated when Best Western received the results of the polygraph test from Garcia.
Having a payroll check due her from Best Western for the pay period ending immediately prior to the time of the discovery of the missing money, McCain went to pick up her check on April 22, 1982. She was then told by the general manager that $110 of her wages would be withheld pending the final results of the police investigation. At that time, McCain saw her payroll check and her time card in the possession of Best Western. (A copy of the check in question was admitted as an exhibit. That check was dated April 22, 1982, payable to McCain in the amount of $159.22.) In lieu of her payroll check the general manager attempted to give McCain a check for $49; McCain refused to accept it.
When the police had concluded their investigation, Bob Roach, a partner in the defendant business, wrote McCain to inform her the investigation was closed and that no further action would be taken concerning the matter. He enclosed, with that letter, a check in the amount of $110.
Meanwhile, McCain had made written demand for her payroll check. Best Western immediately refused her demand. McCain subsequently filed her complaint in this action, alleging wrongful conversion of her payroll check and claiming punitive damages in the sum of $100,000.
For appellee's actions to constitute conversion, "... there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse." Ott v. Fox, 362 So.2d 836, 839 (Ala.1978). The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, when the plaintiff has a general or special title to the property and possession or the immediate right of possession. A plaintiff cannot recover in an action of trover unless at the time of the conversion, he or she had a general or special right to the property and possession or an immediate right of possession. Tarrant American Savings Bank v. Smokeless Fuel Co., 233 Ala. 507, 510, 172 So. 603, 605 (1937).
Plaintiff in the present case did not have a general or special property right or an immediate right of possession in the payroll check at the time appellee withheld it. "The rule that the `delivery' of an instrument is indispensable to its effectiveness is one of the most ancient and basic in *273 commercial law." City National Bank of Miami, N.A. v. Wernick, 368 So.2d 934, 936 (Fla.Dist.Ct.App.1979). The authors of American Jurisprudence, Second Edition, state:
"As a general rule, a negotiable instrument, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties. Until that is done, it is a nullity and not the subject of ownership. The payee acquires no rights in the instrument prior to delivery."
11 Am.Jur.2d Bills and Notes § 270, at 298 (1963) (footnotes omitted). Checks remain the property of the drawer unless and until there is a valid delivery and acceptance by the payee. Reese v. State, 192 Miss. 147, 5 So.2d 236, 237 (1941); cf. Cannon v. Dillehay, 17 Ala.App. 294, 84 So. 549 (1919) (a negotiable promissory note has no legal inception or valid existence until it has been delivered).
Appellee never delivered the payroll check to appellant, and, therefore, appellant did not acquire a general or special property right in the check. The check remained the property of appellee, and appellant only had an incorporeal right to a certain sum or to the collection of a debt. An obligation to pay or a debt is ordinarily enforceable by assumpsit or a contract action, but such will not support an action for conversion. Knox v. Moskins Stores, Inc., 241 Ala. 346, 348, 2 So.2d 449, 450 (1941).
Appellant, as a matter of law, could not maintain a suit for conversion against appellee for withholding the payroll check, and the trial court acted properly in granting appellee's motion for a directed verdict. The judgment below is affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
JONES, EMBRY and ADAMS, JJ., dissent.
EMBRY, Justice (dissenting).
I respectfully dissent.
The majority has, I believe, fallen prey to circuitous reasoning. Refusal to deliver, after demand, is the cornerstone of a conversion action. Yet, the majority has here held that Best Western's refusal to deliver McCain's payroll check bars her action for conversion.
I think the appropriate and equitable solution involves recognition that, when there is a refusal to deliver with the intention of preventing exercise of intangible rights in a document, intangible rights merge with the document to provide it with a legal inception and a valid existence. See Restatement of Torts (Second) § 242 (1964).
JONES and ADAMS, JJ., concur.