W. SHARP, Judge.
Zaleski appeals from a partial summary judgment in favor of Woessner and Dillard. The judgment also reserved for later determination the issue of treble damages, attorney’s fees and costs, pursuant to section 68.065, Florida Statutes (1993). The causes of action were based on two $12,500.00 checks, which were payable to each appellee, and signed as payor by Zaleski. The checks were delivered to appellees by a third party, and subsequently the checks were dishonored for insufficient funds. We reverse.
In moving for summary judgment, the appellees relied on section 68.065, Florida Statutes (1993), which provides:
In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds, credit, or an account, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefor, as provided in subsection (3), the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing ... The maker or drawer shall also be liable for any court costs and reasonable attorney fees incurred by the payee in taking the action. ...
In his pleadings, Zaleski raised several defenses to the checks pursuant to the Uniform Commercial Code. In addition, his deposition and affidavit in opposition to the motion for summary judgment create factual issues concerning whether the checks were conditionally delivered to the third party, and then delivered to appellees in violation of the conditions. In sum, Zaleski established a sufficient factual basis to survive a summary judgment motion concerning whether the two checks were, in fact, validly delivered to *717 Woessner and Dillard. See McCain v. P.A. Partners, Ltd., 445 So.2d 271 (Ala.1984).
Zaleski also argues that section 68.065 appears to conflict -with various provisions of the Uniform Commercial Code. Specifically, section 673.1051 makes non-delivery of an instrument a defense to a suit on the instrument. That section provides:
An unissued instrument ... is binding on the maker or drawer, but nonissuance is a defense. An instrument that is conditionally issued or is issued for a special purpose is binding on the maker or drawer, but failure of the condition or special purpose to be fulfilled is a defense.
§ 673.1051(2), Fla.Stat. (1993).
Similarly, section 673.1171 provides that an obligation to pay an instrument may be nullified by separate agreement by the obligor and the person entitled to enforce the instrument, if the instrument was issued or the obligation incurred in reliance on the agreement, or as part of the same transaction giving rise to the agreement. The UCC comment to that section states:
For example, a person may be induced to sign an instrument under an agreement that the signer will not be liable on the instrument unless certain conditions are met. Suppose X requested credit from Creditor who is willing to give the credit only if an acceptable accommodation party will sign the note of X as co-maker. Y agrees to sign as co-maker on the condition that Creditor also obtain the signature of Z as co-maker. Creditor agrees and Y signs as co-maker with X. Creditor fails to obtain the signature of Z on the note.... In this case, the agreement modifies the terms of the note by stating a condition to the obligation of Y to pay the note. This case is essentially similar to a case in which a maker of a note is induced to sign the note by fraud of the holder.
§ 673.1171, Fla.Stat.Annot. at 60.
In our view, section 68.065 only applies to cheeks or other instruments that have been validly delivered to a payee. Since non-delivery is a valid legal defense, and Zaleski has created a material fact issue concerning it, partial summary judgment was improperly granted. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956); Whitehall Realty Corp. v. Manufacturers Trust Co., 81 So.2d 475 (Fla. 1955).
REVERSED and REMANDED.
HARRIS, J.,'concurs.
GRIFFIN, J., concurs specially, with opinion.