NESBITT, Senior Judge.
We reverse the summary judgment entered by the trial court finding Appellant Uribe liable for two worthless checks and imposing treble damages under Section 68.065 Florida Statutes (2002), and remand this matter for a trial on the merits of both the worthless check claim and the counterclaim.
Stating the facts in the light most favorable to appellant, the record shows that Correa and Uribe were 51% and 49% shareholders in a small business which marketed spices. In the summer of 2001 it was decided that Correa would sell his 49% of the business to Uribe for $10,000. Uribe issued two post-dated checks for $5,000 each to Correa, who was told not to deposit the checks until the transaction was complete. The next day the national sales manager of the spice company held an emergency meeting with Uribe and Correa and advised that their business as a distributor was being terminated, that he’d previously told this to Correa, and that the termination was due to Correa’s improper business practices including failure to service customers. This termination effectively ended the business as a going concern. Immediately after the meeting, Uribe, according to his affidavit, told Correa not to deposit the checks and asked him why he hadn’t told Uribe of the prior talks with the national distributor and why he’d tried to cheat Uribe. Uribe told Correa he would not buy his interest in the company. Correa nevertheless thereafter deposited the checks, which were returned for insufficient funds.
Correa provided statutory notice as to each check under Section 68.065, Florida Statutes. When the checks were not thereafter paid, Correa filed suit. Uribe raised equitable defenses to the worthless check claim and filed a counterclaim for fraud, alleging that Correa’s misrepresentations about the status of the company fraudulently induced him to write the checks.
The trial court entered summary judgment in favor of Correa for the face amount and treble damages on each of the $5,000 checks (a total of $40,000, plus interest). The trial court found that the plaintiff met the facial statutory requirements of Section 68.065, noting that there is no exception to the statute for “postdated checks.” The trial court entered a final judgment for Correa which stated that execution should issue, and reserved jurisdiction for purposes of addressing Ur-ibe’s counterclaim. We reverse.
First, we note that given the nature of the claims raised in the main claim and the counterclaim, the final judgment was issued prematurely and should not have been issued until the conclusion of the entire case.[1]
Moreover, in essence, this is a case where the maker has stopped payment on a check rather than a simple insufficient funds case. In instances of stopped pay *885 ments the statutory liability for treble damages is only triggered if there is an “intent to defraud.” Section 68.065(1), Florida Statutes (2002). Given the sworn allegations of fraud, that the transaction had been terminated as a result of Cor-rea’s dishonest conduct and the failure to honor a directive not to deposit the checks[2], there were certainly disputed issues of material fact as to the circumstances surrounding this transaction sufficient to preclude summary judgment. See also Zaleski v. Woessner, 659 So.2d 716 (Fla. 5 th DCA 1995)(factual dispute as to whether two dishonored checks had been validly delivered precluded summary judgment).
Finally, we note that the defense of equitable estoppel applies to a case like this. Otherwise, a party could institute a fraud and receive treble damages under the worthless check statute, where the only damages available to the victim of the fraud would be the claim for the underlying amount of the check. Thus, the architect of the fraud would still make a profit on the fraud. See, e.g., Florida Dep’t of Health and Rehabilitative Servs. v. S.A.P., 835 So.2d 1091, 1096 (Fla.2003)(“Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position.”)
We do not express any opinion on the ultimate disposition of the factual issues revealed by the record. We simply hold that the issues preclude summary judgment and require resolution of all of the claims before the court.
Reversed and remanded for further proceedings consistent herewith.

. The trial court's decision to bifurcate is subject to an abuse of discretion standard of review. Roseman v. Town Square Ass’n, Inc., 810 So.2d 516 (Fla. 4th DCA 2001), rev. denied 832 So.2d 105 (Fla.2002).

. Further, it is not entirely clear from the record and the check copies, but Uribe maintains that Correa deposited one or both of the checks before the postdate on the checks. Correa argues that we have held in Alvarez v. Alvarez, 800 So.2d 280 (Fla. 3d DCA 2001), that the statute applies to a postdated check. However, in Alvarez, the postdated check was deposited after the postdate. Thus, the check had become payable in accordance with its terms. This is not the case where a postdated check is given with the understanding that it will not be deposited until the date of the check, and the recipient then breaks the promise and prematurely deposits the check. Such inequitable conduct would not support the collection of treble damages under the statute.