JENSEN v. OCEANA CIRCUIT JUDGE.

1. MANDAMUS—SECURITY FOR COSTS—RETURN.

In mandamus proceedings to compel the circuit judge to set aside an order requiring plaintiff to give security for costs, in determining whether the trial court reached a right conclusion and acted within discretionary powers, this court is not limited to the reasons returned.

2. COSTS—SECURITY FOR COSTS—MERITORIOUS CAUSE OF ACTION.

A prerequisite to plaintiff's right to proceed without security for costs being that his declaration state a meritorious cause of action (Act No. 314, chap. 13, § 8, 3 Comp. Laws 1915, § 12411), where the court below, without directly passing upon that question, denied plaintiff's motion to vacate an order requiring security for costs, his ruling was, in effect, adverse to plaintiff upon that question.

3. SAME—PLEADING—SUFFICIENCY OF DECLARATION.

That defendant had pleaded to the declaration, does not eliminate the question of its sufficiency, on such motion.

4. Same.

A declaration alleging that the sheriff levied upon and sold plaintiff's one-third interest in a note which at the time was in the possession of the probate court by order of the probate judge, without alleging that the sheriff actually took physical possession of it or attempted to remove it from the possession and custody of the court, stated an idle and impotent performance on the part of the sheriff, harmless to prejudice plaintiff's rights, and at most it showed but *injuria absque damno*, and failed to state a meritorious cause of action.

5. Execution—Custodia Legis.

An interest in a note *in custodia legis* was not subject to levy under execution.

6. Same—Choses in Action—Bills and Notes.

In the absence of express statutory authority, choses in action, bonds, promissory notes, etc., are not the subject of seizure and sale under execution.

7. Same—Practice—Wrongful Levy.

The usual and proper method of attacking a levy is by motion to quash it in the court under whose writ it is made, where such course will furnish adequate relief.

Mandamus by Lewis Jensen against James E. Sullivan, circuit judge of Oceana county, to compel the vacation of an order for security for costs in an action at law. Submitted October 17, 1916. (Calendar No. 27,448.) Writ denied December 22, 1916.

*Sutherland, Johnson & Sessions,* for relator.

*F. E. Wetmore,* for respondent.

STEERE, J. In section 22 of part 1, Cummins & Beecher's Michigan Judicature Act, under the subheading "Security for Costs," it is stated the act provides "that on motion of the defendant all nonresident plaintiffs shall be, and all other plaintiffs in the discretion of the court may be, required to furnish security for costs." This subject is treated in section

8, chapter 13, of the act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12411), which, as read down to its concluding proviso, sustains the foregoing statement and confers upon the trial court substantially the same discretionary powers existing under prior laws, but said proviso then proceeds to emasculate the enacting clause as follows:

"*Provided further,* That in case any plaintiff except a nonresident of the State, shall show the court that he is unable to comply with such order, if the court shall be satisfied that the declaration in said cause states a meritorious cause of action, and that the suit is prosecuted in good faith, the plaintiff shall be allowed to proceed in such action without giving security for costs."

Relying on this proviso, it is sought by mandamus to compel defendant to vacate an order requiring plaintiff to give security for costs to the amount of $100 in an action begun by him in the circuit court of Oceana county against Henry W. Gephart, sheriff of said county, to recover damages for an alleged invalid execution levy upon and sale of an undivided one-third interest in a certain promissory note which plaintiff claimed ownership of by inheritance. A motion to set the order aside was refused, followed by this application to enforce such action.

This proceeding relates back to the case of *Jensen* v. *Gamble,* 191 Mich. 233 (157 N. W. 440), in which the note in question here was the subject of litigation. The facts there stated sufficiently serve as an historical introduction to the subsequent events involved here. That case was reversed without a new trial on the ground that plaintiff was attempting to split up an indivisible cause of action, while the note in its entirety was a single demand for which there could be but one action. Having obtained a judgment for costs as a result of this reversal, Gamble took out an execution,

and caused levy to be made by the sheriff of Oceana
county upon plaintiff's undivided one-third interest in
the note, which was yet in the custody of the probate
court of said county, and the sheriff thereafter, against
plaintiff's protest, went through the form of selling
the same on execution sale to Gamble's wife for $25.
Plaintiff Jensen then brought against the sheriff, Gep-
hart, the action out of which this mandamus proceed-
ing arose, declaring in a plea of trespass on the case
for unlawfully seizing and disposing of plaintiff's in-
terest in said note, following which security for costs
was asked and ordered as above stated.

It was shown to the trial court, in connection with
Gephart's application for security for costs and Jen-
sen's motion to set aside the order requiring same to
be furnished, that on January 23, 1915, one J. W.
Richey, of Chicago, Ill., served notice upon Gamble
that by an assignment, of date November 24, 1913, he
had become and was entitled to receive one-half of all
money arising out of the collection of said note, for-
bidding Gamble paying the same "or any part thereof
without the written consent of the undersigned," and
that on April 28, 1916, after the execution levy upon
Jensen's one-third interest in said note, a written no-
tice was served upon the sheriff, Gephart, signed by
Richey and the local attorneys of record in this case;
that they had "a lien on the undivided one-third in-
terest of the said Louis Jensen in and to the said prom-
issory note for services rendered, and hereafter to be
rendered," warning him that sale of the same would
be subject to their rights. Of this, defendant's answer
states it affirmatively appeared to the court from the
"statements and concessions of the parties" that by an
agreement between them Richey and the local attor-
neys of record were joint owners of the interest in the
note which Richey had taken by assignment, and the
court proceeded to apply a practical test of "good

faith" by offering to accept one of them as sufficient
surety upon the $100 obligation ordered given to se-
cure costs.

Of the reasons given for refusing plaintiff's motion,
the return says in part:

"That although this suit may have been started in
good faith, it is the third suit that petitioner has at-
tempted to prosecute for the same cause of action.
*  *  *  That this suit is in fact an attempt to use
an irresponsible plaintiff to prosecute a cause of action
of which at least half the subject-matter thereof be-
longs to the attorneys  *  *  *  that the principal
reason for refusing to set aside the order for security
for costs was the fact that the attorneys for plaintiff
were owners of half the cause of action, and that this
was a suit against a public officer for a matter directly
concerning his duties as such.  *  *  *  That inas-
much as a plea had been filed by the defendant, the
court did not consider nor pass upon the question
whether or not the declaration stated a meritorious
cause of action, but based his decision upon the matters
hereinbefore stated."

It is urged for plaintiff that the trial judge neither
passed upon the question of plaintiff's good faith in
bringing the action, nor whether the declaration stated
a meritorious cause, but, as shown by the answer, ig-
nored those questions by which under the statute his
discretion is limited and, not having denied the motion
to vacate the order on either of those grounds, plaintiff
should be allowed to proceed in his action without giv-
ing security for costs.

As we understand the reasons given in the return,
they relate mainly to whether it was obligatory upon
the court to accept as legally sufficient plaintiff's show-
ing that he was individually unable to comply with
the order requiring limited security for costs, when
other active participants in the litigation, though not
parties of record, are shown to own an equal interest
with him in the subject-matter of the suit, and are not

shown to be unable to effect compliance with the order. In determining, however, whether the trial court reached a right conclusion and acted within discretionary powers, we are not limited to the reasons returned.

Aside from other considerations, a prerequisite to plaintiff's right to proceed without security for costs is that the declaration states a meritorious cause of action. The trial court denied the motion on other grounds, and did not directly pass upon sufficiency of the declaration. Failure to do so was in effect an adverse ruling to plaintiff upon that question. That defendant had pleaded does not eliminate the question. If the plea is taken as true, there is no merit in the declaration from any viewpoint, but considered independently as a pleading the court could not, as a proposition of law, have been satisfied that the declaration stated a meritorious cause of action. It merely states an idle and impotent performance on the part of the sheriff at the instance of Gamble, which was a nullity, of no legal force or effect, and harmless to prejudice plaintiff's rights.

It states plaintiff's inherited interest in an undivided one-third of the note, proceedings of the probate court in relation thereto determining the respective interests of beneficiaries, and shows that the court

"further ordered, adjudged and decreed that said note shall be and remain in the possession of said probate court, to be used by any of the parties owning the same, but not to be removed from this court, except upon the order of said court, or the circuit judge of Oceana county."

Although it is charged that the sheriff levied upon and sold plaintiff's interest in said note, it is not alleged, or claimed, that he actually took physical possession of it, or attempted to remove it from the possession and custody of the probate court, where it presumptively, and so far as shown, yet remains. It was

in custody of the law, impounded by an order of the court, and any attempt to take it from possession of the court would lay him liable to punishment by summary proceedings, for, being *in custodia legis*, it was neither subject to garnishment nor direct levy under execution. 1 Freeman on Executions (3d Ed.), § 159*a*.

Beyond this, the note was not subject to levy on execution at all. *People, ex rel. Martin,* v. *Board of Auditors,* 5 Mich. 223. There is no statutory provision in this State authorizing such proceeding. In the absence of express statutory authority, choses in action, bonds, promissory notes, etc., are not the subject of seizure and sale under execution. 1 Freeman on Executions, § 112'; Herman on Executions, § 122; 17 Cyc. p. 971.

Plaintiff's counsel recognize in their brief that this note is not subject to levy and sale upon a writ of execution, and urge that defendant,

"by levying upon and selling said note, exceeded his authority and unlawfully converted the same and became liable in an action in the nature of trover for conversion thereof."

He did not and could not convert by a void levy or pass to the pretended purchaser by a void execution sale any right in or title to this past-due promissory note, a piece of paper valuable only as evidence of indebtedness, held in custody of law by an order of the probate court, where it was presented as a claim against an estate in process of probation.

While plaintiff's declaration charges that defendant by an unlawful levy "took and seized," and "did wrongfully and unlawfully sell, convert and dispose of," his undivided one-third interest in the note, no actual possession by physical seizure is alleged, and such formal averments, relating to a void execution levy upon an undivided interest in a writing held in the custody of a court, do not, under the situation outlined in the dec-

laration as a whole, charge physical interference with or removal of said note from the actual possession and custody of the probate court.

The usual and proper method of attacking a levy is by motion to quash it in the court under whose writ it is made, where such course will furnish adequate relief (2 Freeman on Executions [3d Ed.], § 271*a*), and along the same line it was held in *Campau* v. *Godfrey,* 18 Mich. 27 (100 Am. Dec. 133), that one who complains of a levy upon his property should move for relief in the court which issued the execution rather than by a bill in equity. While the court from which this execution issued might, with propriety, if applied to in a proper proceeding, take note of and vacate with costs any record of this unlawful and worthless levy and pretended sale, plaintiff's declaration fails to show that his title to the note or rights in that connection have been impaired or he injured thereby, at most it shows but *injuria absque damno,* for which reason it cannot be said to state a meritorious cause of action.

The writ of mandamus applied for is therefore denied.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and BROOKE, JJ., concurred. PERSON, J., did not sit.