FARMERS SAVINGS BANK OF HARTWICK, Appellee, v. JOSEPH ROTH et al., Appellees; COMMERCIAL SAVINGS BANK OF TAMA, Appellant.

GARNISHMENT:   Persons and Property Subject to Garnishment—

**Cash and Notes in Bank.** Cash and notes which are the proceeds of a sale of a debtor's property, and which are properly placed in the possession of a bank, in the form of an account, and in the deposit vault, by its cashier, who was clerk of the sale, are subject, in an action against the debtor, to process of garnishment against the said bank.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

FEBRUARY 13, 1923.

PROCEEDINGS in garnishment under execution. The answers of the garnishee were controverted under the statute, and upon trial, the court awarded judgment against the garnishee, and it appeals.—*Affirmed.*

*M. W. Hyland,* for appellant.

*Talbott & Talbott,* for appellee.

FAVILLE, J.—The defendant Peter P. Roth was a farmer. He was indebted to the plaintiff bank, and also to the garnishee bank. His personal property was covered by a mortgage to his codefendant, Joseph Roth. Peter Roth held an auction sale of his property on the farm where the same was located. The evidence tends to show that he at one time arranged with the First National Bank of Tama to clerk said sale and look after the proceeds thereof. This plan was abandoned, and the sale was clerked by Goodell, the cashier of the garnishee bank. Joseph Roth waived his mortgage lien on the property. On the day of the sale, the attorney for plaintiff went to the Roth farm and informed Goodell that, under the original arrangement with the First National Bank of Tama, it had been agreed that, if said bank clerked the sale, sufficient cash was to be turned over to the plaintiff bank out of the proceeds of said sale to pay plaintiff's note against Roth, and inquired if a similar arrangement could then be made. To this Goodell assented. Thereupon, plaintiff's note was delivered to Goodell, and he gave a receipt therefor, which was signed in the name of the garnishee bank, by Goodell as cashier. It was evidently anticipated by all the parties that

the sale would net a sufficient amount to pay the plaintiff's note, the rent which was due and owing, and a note owed by Roth to the garnishee bank. In this, however, the parties were disappointed. After payment of the rent claims, expenses of the sale, and certain labor claims, there remained on hand $824.50 in cash and $1,286.80 in notes. The cash was deposited in the garnishee bank in an account described by Goodell as the "sales account." The notes were placed by Goodell in the vault of the bank. Such was the situation at the time the writ in this action was served. It does not appear in the record who was the payee named in the notes taken at the sale. The plaintiff's note was not paid out of the proceeds of the sale, and about a week after the sale, was returned to the attorney for the plaintiff, and the receipt that had been given therefor was returned to Goodell, who destroyed the same. The garnishee bank answered the usual questions, and denied that it had in its possession money or property belonging to the defendant Roth. The answer was controverted in the manner provided by statute, and the cause was tried to the court without the intervention of a jury. The court held that the cash and notes in the hands of the garnishee bank were subject to condemnation to apply upon plaintiff's judgment against Roth, and ordered that the cash be so applied and the notes sold under execution.

I. The sole question for our determination in the case is whether or not, upon the record, the court erred in holding that the appellant bank was liable as a garnishee. The contention of the appellant is simply this: That the sale was clerked by its cashier Goodell personally, and that the proceeds thereof, in money and notes, were taken and held by Goodell individually, and not by the bank. We do not deem it essential to a determination of this case to decide the question as to whether Goodell acted in his individual capacity or as cashier of the garnishee bank in all that he did in regard to said matter. One thing is certain: that the money and notes that were obtained as the proceeds of the sale were the property of the defendant Roth. Goodell individually had no interest therein. When he placed this property, cash and notes, in the custody of the garnishee bank, he did it as the agent of Roth, and not in his own behalf. The funds could not have been garnished in the bank

by any of Goodell's creditors. *Des Moines Cotton Mill Co. v. Cooper,* 93 Iowa 654; *Packer v. Crary,* 121 Iowa 388. Under such a situation, Roth could have maintained an action against the bank in his own name, to recover the said money and notes in its possession. Code Section 3459; *Packer v. Crary,* supra.

We are satisfied from the record that the cashier, Goodell, was acting for and in behalf of the garnishee bank in clerking said sale and in depositing the proceeds thereof in the bank; but, as we view it, the decision of this question is quite immaterial to the plaintiff's right to recover in this action. The money and notes did not belong to Goodell; he could not have checked against the cash in the bank; nor could any creditor of Goodell's have obtained any rights therein in any manner. The bank was the custodian and bailee of this property, all of which belonged to the defendant Roth. The cash received was deposited in an account in the bank known as the "sales account," which was an account in which were deposited proceeds of sales conducted in the manner in which this sale was conducted; but the money was Roth's. The notes in the custody of the bank, and kept in its vault, belonged to Roth, and were subject to be reached by garnishment of the bank by Roth's creditors. A bank is subject to garnishment for the property of a customer, even when held in a safety deposit box in the bank. *Tillinghast v. Johnson,* 34 R. I. 136 (82 Atl. 788) ; *Trowbridge v. Spinning,* 23 Wash. 48 (62 Pac. 125) ; *National Safe Dep. Co. v. Stead,* 250 Ill. 584 (95 N. E. 973) ; *West Cache Sugar Co. v. Hendrickson,* 56 Utah 327 (190 Pac. 946) ; *Washington L. & T. Co. v. Susquehanna Coal Co.,* 26 App. D. C. 149.

The garnishee makes no claim of any set-off against the fund in its hands by reason of any indebtedness owed by Roth to it. Its sole contention is that the proceeds of the Roth sale are in the custody of Goodell as an individual, and not in the custody of the bank. The decision of the court on this question has the force and effect of the verdict of a jury. There is evidence sufficient to sustain the finding of the court upon the question of fact.

We reach the conclusion that the money and notes in question were in the possession of the appellant bank at the time the said bank was garnished under plaintiff's execution, and

that said notes and money were properly subject to condemnation for the satisfaction of said judgment. The order of the district court is correct, and it is—*Affirmed*.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.