DEPARTMENT OF TREASURY v BANK OF THE
COMMONWEALTH

Docket No. 52577. Submitted June 15, 1981, at Detroit.—Decided
November 30, 1981.

The Department of Treasury brought an action against the Bank
of the Commonwealth and Erma J. Brown for recovery of funds
paid by the bank to defendant Brown subsequent to service
upon the bank of a warrant-notice of levy of defendant Brown's
personalty by the department. Following the bank's answer to
the department's complaint, the department moved for sum-
mary judgment against the bank on the ground that the bank
had failed to state a valid defense, which motion was granted,
Wayne Circuit Court, John D. O'Hair, J. The bank appeals.
*Held:*

The trial court properly held that the department's levy was
valid and that funds held by the bank as a result of its issuance
of a cashier's check to defendant Brown constituted a debt to
Brown. Brown had not delivered the check to the state but
merely had cancelled the check by indorsing it to herself. Thus,
the bank's acceptance of the check never became effective, and
the funds were subject to the levy.

Affirmed.

1. COMMERCE — BANKS AND BANKING — CASHIER'S CHECKS — STAT-
UTES.

The issuance of a cashier's check by a bank constitutes an
acceptance of the check which becomes effective upon delivery
by its purchaser or notification by the bank of its acceptance;
once accepted, the check may not be countermanded by the
bank although prior to delivery it may be cancelled by the
purchaser (MCL 440.1201[14], 440.3410[1], 440.3413[1]; MSA
19.1201[14], 19.3410[1], 19.3413[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Banks § 544.
[2] 30 Am Jur 2d, Executions § 136.
[3] 10 Am Jur 2d, Banks §§ 544, 643.

2. EXECUTION — JUDGMENT DEBTORS — PERSONALTY — STATUTES.

   Execution may be had against a judgment debtor's personal property, including bills and other evidences of debt (MCL 600.6017[2]; MSA 27A.6017[2]).

3. COMMERCE — BANKS AND BANKING — EXECUTION — JUDGMENT DEBTORS — CASHIER'S CHECKS — STATUTES.

   A cashier's check, prior to delivery by its purchaser, constitutes a debt owed by the issuing bank to the purchaser, and where the bank is served with a warrant-notice of levy against the personalty of the purchaser by the Department of Treasury subsequent payment of the funds represented by the cashier's check by the bank to the purchaser of the check upon cancellation of the check by the purchaser will render the bank liable for the amount paid (MCL 600.6017[2]; MSA 27A.6017[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *Alan H. Broad,* Assistants Attorney General, for plaintiff.

*Mark T. Sophiea,* for defendant Bank of the Commonwealth.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. Defendant Bank of the Commonwealth (hereafter bank) appeals as of right from an amended order of summary judgment under GCR 1963, 117.2(2), in favor of the Department of Treasury in the amount of $4,434.02.

On August 29, 1977, Erma J. Brown, who owed the state $7,672.38 in employee withholding taxes, purchased a cashier's check from defendant bank in the amount of $4,434.02, payable to the state. On May 17, 1978, the state served a warrant-no-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tice of levy upon the bank, notifying it of Brown's liability, and also served notice of the levy on her.

On May 22, 1978, Brown appeared at one of the bank's branches, indorsed the uncashed check to herself, and received full payment. The bank, in appealing the trial court's determination, cites MCL 440.4303(1); MSA 19.4303(1), arguing that once a bank has accepted or certified a check that item is beyond the reach of levy. Defendant bank cites *Citizens & Peoples National Bank of Pensacola, Florida v United States,* 570 F2d 1279 (CA 5, 1978), in support of its argument.

The Department of Treasury argues that the bank's reliance on MCL 440.4303; MSA 19.4303 is misplaced, that section only applying to protect the payee of the draft.[1] It further argues that when Brown submitted the check to the bank with her indorsement, all duties and obligations owed

[1] Uniform Commercial Code, § 4303 provides:

"SEC. 4303. (1) Any knowledge, notice or stop-order received by, legal process served upon or setoff exercised by a payor bank, whether or not effective under other rules of law to terminate, suspend or modify the bank's right or duty to pay an item or to charge its customer's account for the item, comes too late to so terminate, suspend or modify such right or duty if the knowledge, notice, stop-order or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the bank has done any of the following:

"(a) accepted or certified the item;

"(b) paid the item in cash;

"(c) settled for the item without reserving a right to revoke the settlement and without having such right under statute, clearing house rule or agreement;

"(d) completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith or otherwise has evidenced by examination of such indicated account and by action its decision to pay the item; or

"(e) become accountable for the amount of the item under subsection (1)(d) of section 4213 and section 4302 dealing with the payor bank's responsibility for late return of items.

"(2) Subject to the provisions of subsection (1) items may be accepted, paid, certified or charged to the indicated account of its customer in any order convenient to the bank."

by the bank to her terminated, and the funds became subject to the levy as with any other personal account. It cites *Munson v American National Bank & Trust Co of Chicago,* 484 F2d 620, 624 (CA 7, 1973), to support its argument that a cashier's check, once issued, cannot be countermanded.

A cashier's check is:

"A bank's own check; a check drawn upon a bank and signed by its cashier, or assistant cashier, being a direct obligation of the bank. Cashier's checks are issued to borrowers when loans are made in lieu of a deposit credit or actual cash, sold to customers for remittance purposes, and issued in payment of the bank's own obligations, money transfers, etc. When a cashier's check is issued it becomes a credit, and upon its return through the clearing house or otherwise, a debit to the cashier's account. Cancelled cashier's checks are presumed as vouchers in the bank's files." Garcia, Munn's Encyclopedia of Banking and Finance (7th ed, 1973).

The issuance of a cashier's check by a bank constitutes an acceptance of the check, generally said to extinguish the bank's right to countermand the check. *State of Pennsylvania v Curtiss National Bank of Miami Springs, Florida,* 427 F2d 395, 398-399 (CA 5, 1970), *National Newark & Essex Bank v Giordano,* 111 NJ Super 347, 351; 258 A2d 327 (1970). The maker or acceptor of an instrument "engages that he will pay [it] according to its tenor at the time of his engagement * * *". MCL 440.3413(1); MSA 19.3413(1).

Although the bank accepted the check by issuing it, that acceptance never became effective since it was never completed by delivery or notification. MCL 400.3410(1); MSA 19.3410(1). Brown never delivered (negotiated) the check to the state, MCL

440.1201(14); MSA 19.1201(14), MCL 440.3202(1); MSA 19.3202(1). Also, the bank's duties to the state as drawer of the check were not yet in effect because the state was not yet the holder, MCL 440.3413(2); MSA 19.3413(2). To be a holder, a party must be in possession of the instrument in question. MCL 440.1201(20); MSA 19.1201(20).

Because the bank's liability to the state had not yet become fixed, the check was still subject to cancellation by agreement between the bank and the purchaser. Even though a cashier's check may not be countermanded once issued and delivered, it may be cancelled by the purchaser prior to such delivery.

Pursuant to MCL 600.6017(2); MSA 27A.6017(2), execution may be had against a debtor's personal property including "bills and other evidences of debt". The cashier's check, prior to delivery, represented the bank's debt to Brown. See *Jensen v Oceana Circuit Judge,* 194 Mich 405; 160 NW 620 (1916).

The levy was served upon the bank before Brown returned and cancelled the check prior to a delivery of it to the state. It represented personal property in her hands as a debt owed by the bank to her. The trial judge was correct in holding that the levy was valid and that the funds held by the bank as a result of the issuance of the cashier's check to Brown were subject to the state's levy.

Affirmed.