Charles D. CLARK, Plaintiff–Appellant,

v.

HAWKEYE FEDERAL SAVINGS BANK f/k/a Hawkeye Savings & Loan, Defendant–Appellee,

and

David R. Danilson, Intervenor.

No. 87–47.

Court of Appeals of Iowa.

March 9, 1988.

Thomas J. McCann, of Foxhoven & McCann, Des Moines, for plaintiff-appellant.

Barry J. Nadler, of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT, and HABHAB, JJ.

SACKETT, Judge.

This case involves issues surrounding Defendant Hawkeye Federal Savings Bank's dishonor of their own cashier's check. The cashier's check was issued by the bank at the request of Plaintiff Charles D. Clark's son Randy. Randy had given the bank sufficient funds to pay the check when it was issued. The check was made payable to Production Credit Association and was delivered to Production Credit to be credited to an account on which plaintiff and Randy were co-obligors. Production Credit returned the cashier's check to the bank and was issued a money order payable to their order in a like amount. The money order was credited by Production Credit to the account on which plaintiff was co-obligor. When the money order was dishonored the credit to plaintiff's account was cancelled.

The bank contends they dishonored the drafts because a receiver instructed them to do so. The receiver was appointed after the cashier's check and money order were issued. The receiver was appointed to handle a grocery store Randy had been operating.

After the dishonor plaintiff brought suit to challenge the dishonor. The trial court held the check should not have been dishonored but determined plaintiff had no standing to challenge the dishonor and entered judgment against him. We agree with the trial court there was no basis to dishonor the check. We determine the plaintiff does have standing and reverse the judgment.

## I.

We first address plaintiff's contention he was a proper person to bring the action. The trial court determined plaintiff was a stranger to the check and the account on which the check was drawn. The trial court determined plaintiff was seeking to have the check applied to an account he was secondarily obligated to pay.

The trial court determined the only basis under which the bank had liability was section 554.4402 (1985) which provides:

A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case.

The trial court determined plaintiff was not a customer under Iowa Code section 554.-4104(1)(e) (1985) which provides:

"Customer" means any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank.

Because plaintiff did not meet the definition of customer the trial court determined he had no standing to bring the suit.

We disagree with the trial court that only a person meeting the 554.-4104(1)(e) definition of a customer of the bank has standing to challenge the bank's dishonor of its own check. A cashier's check is a negotiable instrument drawn by

a bank upon itself. *Da Silva v. Sanders,* 600 F.Supp. 1008, 1010 (D.D.C.1984); *Bossuyt v. Osage Farmers Nat'l Bank,* 360 N.W.2d 769, 773 (Iowa 1985). The bank as drawer and drawee is its own customer when it issues a cashier's check. *Da Silva,* 600 F.Supp. at 1010; *Bossuyt,* 360 N.W.2d at 773. A cashier's check is the bank's own check; it is a direct obligation of the bank. When issued it is a credit and when returned a debit to the cashier's account. *See State Dep't of Treasury v. Bank of the Commonwealth,* 111 Mich.App. 553, 314 N.W.2d 688, 690 (1981) (citation omitted). The bank is its own customer when it issues a cashier's check. *See Rezapolvi v. First Nat'l Bank,* 296 Md. 1, 459 A.2d 183, 187 (1983).

This case is clearly distinguishable from a situation where the bank dishonors a check drawn on a customer's account. *See Farmers Bank v. Sinwellan Corp.,* 367 A.2d 180, 181 (Del.1976) (issue involved dishonor of a check drawn on corporation account; court held president of corporation, as an individual, did not have cause of action for checks drawn on corporation's account because corporation, not president, was customer); *Loucks v. Albuquerque Nat'l Bank,* 76 N.M. 735, 418 P.2d 191, 196 (1966) (issue involved check drawn on partnership account, court held customer was partnership).

■ Having determined one does not need to meet the definition of customer to sue a bank for dishonor of its own check, we must determine whether plaintiff otherwise has standing to challenge the dishonor. The purpose of the rule requiring an action to be prosecuted in the name of the real party in interest is to protect defendant against a subsequent action by a party actually entitled to recover. *Kimmel v. Iowa Realty Co.,* 339 N.W.2d 374, 379–80 (Iowa 1983); *City of Ames v. Schill Builders, Inc.,* 274 N.W.2d 708, 713 (Iowa 1979); *Leasing, Inc., v. Gage,* 199 N.W.2d 43, 44 (Iowa 1972). We liberally construe the real party in interest rule. *City of Ames,* 274 N.W.2d at 713; *Sioux City v. Western Asphalt Paving Corp.,* 223 Iowa 279, 288, 271 N.W. 624, 631 (1937).

■ Iowa has a two-pronged test for standing. *Hawkeye Bancorporation v. Iowa College Aid Comm'n,* 360 N.W.2d 798, 801 (Iowa 1985). The complaining party must have a specific, personal, and legal interest in the litigation and must be injuriously affected. *Id.* Plaintiff meets this test. The stop payment resulted in a debit to plaintiff's Production Credit loan account. Plaintiff was injured because the resulting debit increased his financial obligations to Production Credit. Plaintiff benefited by the payment made by Randy to Production Credit. A contract between two persons for the benefit of a third person is valid as to such beneficiary and enforceable by him or her. *In re Estate of Sheimo,* 261 Iowa 775, 781, 156 N.W.2d 681, 685 (1968). Plaintiff claims a right to the money as against the bank. Plaintiff will be benefited by again having his account credited if the bank is required to pay Production Credit. When Production Credit took the money, they took it in behalf of the Clarks, who owed them money. *See Farmers Savs. Bank v. Roth,* 195 Iowa 185, 188, 191 N.W. 987, 988 (1923). When the check was dishonored they debited plaintiff's account. Production Credit has no loss and no basis upon which to claim recovery. Randy has no basis to challenge the payment to Production Credit. Randy was the one who paid the funds to the bank and ordered the cashier's check be drawn to Production Credit's order. Randy delivered the check to Production Credit.

We find no double recovery against Hawkeye is presented under the present facts. *See Kimmel,* 339 N.W.2d at 380. Plaintiff is the real party in interest and has standing to challenge the bank's dishonor of their own check.

## II.

■ The second issue is whether the check should have been dishonored. We find the bank has no basis to dishonor the check. The bank dishonored the check because the receiver told them to dishonor the check. But it was not the receiver's check to dishonor; it was the bank's own check. A "cashier's" check is a check

drawn by a bank on itself and made payable to someone else; the bank is both the drawer and the drawee. *Bossuyt,* 360 N.W.2d at 773. As a general rule a bank cannot refuse payment of its cashier's check when the check is presented by the payee or a subsequent holder. *Id.* The issuance of a cashier's check by a bank constitutes an acceptance of the check generally said to extinguish the bank's right to countermand the check. *Bank of the Commonwealth,* 314 N.W.2d at 690; *State v. Curtiss Nat'l Bank,* 427 F.2d 395, 398–99 (5th Cir.1970); *National Newark & Essex Bank v. Giordano,* 111 N.J.Super. 347, 268 A.2d 327, 329 (Law Div.1970). When the check was issued, the bank accepted it. *Bank of the Commonwealth,* 314 N.W.2d at 690. The acceptance became effective when the check was delivered to the payee, Production Credit. *See id.* A cashier's check circulates in the commercial world as the equivalent of cash. *Giordano,* 268 A.2d at 329. People accept a cashier's check as cash because the bank not the individual, stands behind it. *Id.* To allow a bank to stop payment would be inconsistent with the representations the bank makes in issuing the check and would undermine public confidence in the cashier's check as cash if converting to cash could not be made without difficulty. *See id.*

The receiver's claim to the check was based on Randy Clark's claim to the check. Randy could not have stopped payment. He had delivered the money to the bank. The cashier's check issued and was delivered to the payee. It became the bank's, not Randy's, obligation to honor the check. The receiver stood in Randy's stead. While the check was subject to cancellation by agreement between the bank and Randy while the check was still in Randy's possession and not yet delivered, once issued and delivered to Production Credit it could not be cancelled by Randy as purchaser. *Bank of the Commonwealth,* 314 N.W.2d at 690.

We determine the check should be honored. The trial court found if the check were honored plaintiff should recover interest of $1,066.23 and attorney fees of $6,448.06. The trial court found no other damages. There is substantial evidence to support these findings of the trial court. Iowa R.App.P. 14(f)(1).

The bank is ordered to honor the check to Production Credit. Plaintiff shall have judgment of $1,066.23 interest and attorney fees of $6,448.06.

REVERSED.