KENNEDY, Justice.
The plaintiff appeals from a summary judgment entered in favor of the defendant, Community Bank of Blountsville.
On February 4, 1989, the defendant issued a cashier’s check in the amount of $80,000 payable to “Billie H. Wray, LaQui-ta O. Wray and C.D. Walker.” The check was funded from the proceeds of a loan from Community Bank to the Wrays; repayment of that loan was secured by a mortgage on a piece of real property transferred to the Wrays by the plaintiff, C.D. Walker.
Community Bank delivered the check to the Wrays, but the check was never delivered to Walker. Walker’s name was placed upon the check at the Wrays’ request.
On April 10, 1989, the Wrays returned the check to Community Bank. The Bank accepted the check from the Wrays, marked it “paid,” and credited the check against the loan that the Wrays had obtained. The check contained the endorsement of only one of the payees, namely, LaQuita O. Wray.
It is in dispute whether the check was actually paid by Community Bank or whether the transaction between the Wrays and Community Bank was simply terminated.
Walker sued Community Bank, alleging the wrongful payment of the check. Both parties moved for summary judgment. The trial court granted the Bank’s motion, holding that the plaintiff, C.D. Walker, a nonalternative payee, could not recover for a wrongful negotiation of the cashier’s check in question because he had never had possession of the check.
Rule 56, A.R.Civ.P., sets out the standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P., RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala.1990). In determining whether a summary judgment was properly entered, the appellate court *887 must view the evidence in a light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). In reviewing the trial court’s decision, an appellate court is limited to those factors and that evidence considered by the trial court. Prudential Insurance Co. of America v. Coleman, 428 So.2d 593 (Ala.1983), Turner, 475 So.2d at 542.
Rule 56 is to be read in conjunction with the “substantial evidence rule.” See § 12-21-12, Alabama Code 1975, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Thus, to defeat a properly supported motion for summary judgment, the nonmovant must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Section 7-3-116(b), Code of Alabama 1975, states:
“An instrument payable to the order of two or more persons:
[[Image here]]
“(b) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.”
However, it is a well-settled point of law that as a general rule an instrument has no efficacy in the absence of delivery to a payee “in accordance with the purpose and intent of the parties.” Cannon v. Dillehay, 17 Ala.App. 294, 84 So. 549 (1919).
This Court adopted this rule in McCain v. P.A. Partners Ltd., 445 So.2d 271, 273 (Ala.1984), holding:
“ ‘[A] negotiable instrument, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties. Until that is done, it is a nullity and not the subject of ownership. The payee acquires no rights in the instrument prior to delivery.’ ”
Quoting 11 Am.Jur.2d Bills and Notes § 270, at 298 (1963).
The fact that someone is named as a payee of an undelivered instrument does not give rise to a vested right to delivery, thereby creating an ownership interest extinguishable only by proper indorsement and negotiation.
The Michigan Court of Appeals appropriately addressed a similar issue in State Department of Treasury v. Bank of the Commonwealth, 111 Mich.App. 553, 314 N.W.2d 688 (1981). In that case, a bank customer who was indebted to the State of Michigan for taxes purchased a cashier’s check from the defendant bank. At the direction of the purchaser, the check was made payable to the State. Approximately nine months later, the purchaser indorsed the check to herself and received full payment from the bank. The Court of Appeals held that although issuance of a cashier’s check by a bank constitutes the bank’s “acceptance,” or engagement to honor the check, the acceptance by the bank never became effective because it was never “completed by delivery or notification,” as is required under § 3-410 of the Uniform Commercial Code. See § 7-3-410(1), Code of Alabama 1975. Because the purchaser of the cashier’s check never became a holder under the U.C.C., the duties of the bank as a drawer were not in effect. The Court thus ruled:
“Because the Bank’s liability to the State had not yet become fixed, the check was still subject to cancellation by agreement between the Bank and the purchaser. Even though a cashier’s check may not be countermanded once issued and delivered, it may be cancelled by the purchaser prior to such delivery.”
111 Mich.App. at 557, 314 N.W.2d at 690.
The plaintiff in this particular case never acquired an interest in the cashier’s check because he never took possession of it. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.