**AVCO CORPORATION,**
**Plaintiff-Appellant,**

v.

**PRECISION AIR PARTS, INC.,**
**Defendant-Appellee.**

No. 80–7772.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1982.

Arnold, White & Durkee, Rodney K. Caldwell, Houston, Tex., Copeland, Franco, Screws & Gill, Richard Gill, Montgomery, Ala., for plaintiff-appellant.

Roger W. Parkhurst, Arlington, Va., for amicus curiae Licensing Executives Soc., Inc. (U.S.A. and Canada) "LES".

Reneau & Enslen, John E. Enslen, Wetumpka, Ala., Robison & Belser, David B. Bryne, Jr., Montgomery, Ala., for defendant-appellee.

Before RONEY and FAY, Circuit Judges, and EDENFIELD *, District Judge.

_____

* The Honorable Newell Edenfield, U. S. District Judge for the Northern District of Georgia, sitting by designation. This case is being decided

RONEY, Circuit Judge:

Plaintiff Avco Corporation and defendant Precision Air Parts, Inc. are competitors in the manufacture and sale of replacement parts for gasoline airplane engines. A manufacturer of replacement parts for aircraft engines, other than the original manufacturer certified by the Federal Aviation Administration ("FAA"), must obtain a Parts Manufacturer Approval ("PMA") from the FAA before it may sell replacement parts. 14 C.F.R. § 21.303 (1980). Precision obtained several PMAs from the FAA for replacement parts for which Avco is the FAA certified manufacturer.

In this diversity jurisdiction suit, Avco charged Precision with trade secret misappropriation and common law copyright infringement in connection with these replacement parts. We affirm the district court's judgment for defendant on the ground that both counts are barred by the Alabama one-year statute of limitations.

*Dismissal or Summary Judgment?*

Interestingly, on appeal the parties dispute whether the district court entered a summary judgment or dismissed the complaint for failure to state a cause of action. This turns on the district court's intent in the matter, and we would have thought that the able counsel here should have gotten the matter resolved in the district court. Appropriate procedures are available in the district court and there is no explanation as to why this should be an issue before us.

The confusion arises because the last sentence of the opening paragraph of the memorandum opinion states that "this court is of the opinion that ... the Defendant's motion for summary judgment should be granted." The final sentence of the order states that "this court is of the opinion that Plaintiff's complaint fails to state a cause of action upon which relief can be granted and should be dismissed." The district court in a subsequent order dated December 3, 1980 referred to the order in question as having been a grant of summary judgment in Precision's favor.

by a quorum due to the death of Judge Eden-

This is not a case in which the district court has *sua sponte* converted a Rule 12(b)(6) motion into a summary judgment motion, considered matters outside the pleadings, and granted the motion without giving proper notice to the adverse party. *See, e.g., Davis v. Howard,* 561 F.2d 565 (5th Cir. 1977); *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir. 1979). The motion in question was clearly styled "Motion by Defendant Precision to Dismiss Avco's Complaint, or in the Alternative, to Grant Summary Judgment in Favor of Defendant Precision and Against Plaintiff Avco." *See McMillian v. City of Rockmart,* 653 F.2d 907 (5th Cir. 1981).

Avco had ample time and opportunity to present any material relevant to the summary judgment motion but failed to do so. While a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), *see Mann v. Adams Realty Co.,* 556 F.2d 288 (5th Cir. 1977), when the complaint shows on its face that the limitations period has run, *Mooney v. Tallant,* 397 F.Supp. 680 (N.D.Ga.1975), the defect may be raised by motion for summary judgment where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint. *Chambliss v. Coca-Cola Bottling Corp.,* 274 F.Supp. 401, 408 n.14 (E.D. Tenn.1967), *aff'd,* 414 F.2d 256 (6th Cir. 1969), *cert. denied,* 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970). *See also Higgenbotham v. Ochsner Foundation Hospital,* 607 F.2d 653 (5th Cir. 1979).

In this case the complaint does not set forth any date on which Avco's causes of action allegedly accrued. The district court, therefore, necessarily went beyond the pleadings in making a determination on the statute of limitations question. Consequently, the district court's decision must be construed as one granting summary judgment. Therefore, this Court will apply the standard of review for a summary judg-

field on December 26, 1981. 28 U.S.C. § 46(d).

ment motion in its consideration of the merits of the appeal. *See, e.g., Marcus v. St. Paul Fire & Marine Insurance Co.*, 651 F.2d 379, 382 (5th Cir. 1981) (summary judgment may be granted only if there is no issue as to any material fact and the law favors the moving party).

### Statute of Limitations

■ The district court correctly held the one-year statute of limitations applicable to both common law copyright infringement and trade secret misappropriation because neither arises from contract nor is specifically enumerated under any other Alabama limitations statute. *Ala.Code* § 6–2–39(a) (1975).[1] *See also Local Trademarks, Inc. v. Rogers*, 73 F.Supp. 907, 908 (N.D.Ala.1947), *aff'd, Local Trademarks v. Price*, 170 F.2d 715 (5th Cir. 1948).

The central difficulty in applying the limitations statute stems from the argument over when the cause of action accrued and the limitations period started to run.

■ The district court made no definitive determination due to the way it handled the case. The court held that claims arising prior to January 1, 1978 were time-barred and that claims thereafter were preempted by the federal Copyright Revision Act, 17 U.S.C.A. § 301(b)(2), which became effective on that date. Since the complaint was filed on June 12, 1979, this left open the question of whether the limitations statute barred claims between January and June of 1979, regardless of preemption. Critical to this determination is whether misappropriation of trade secrets is a "continuing tort" under Alabama law, which would mean the cause of action is not barred until one year after the last wrongful act. Although the district court and the plaintiff-appellant here considered the preemption issue paramount, we agree with the defendants that Alabama law would not recognize the continuing tort theory as applied to these causes of action and that a review of the record

before the district court reveals that plaintiff's alleged causes of action are time-barred, thus making it unnecessary for us to consider the correctness of the court's decision that they were preempted by the federal law after January 1, 1978.

All the district court had before it was the complaint, the respective interrogatories, and answers from each side and several affidavits. This is all this Court can consider on appeal. Although Avco has attempted to supplement the record on appeal with the partial deposition of Mr. McCune, Precision's president, taken prior to Precision's motion, Avco did not submit it to the district court for consideration and this Court cannot now consider that testimony.

Under Alabama law a cause of action accrues for statute of limitations purposes "as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Garrett v. Raytheon Co.*, 368 So.2d 516, 519 (Ala.1979). The district court apparently felt that Avco's causes of action "arose at the time of an alleged misappropriation." The complaint is silent as to when Precision performed the acts which gave rise to this action. The complaint does not differentiate between any separate acts of Precision with respect to particular replacement parts but combines in one cause of action all of Avco's information that Precision allegedly misappropriated. One must look elsewhere in the record to determine when Avco's cause of action accrued.

Avco's answer to Precision's Interrogatory No. 2 provides some information:

INTERROGATORY NO. 2

State all dates and surrounding circumstances in detail as to any alleged misconduct on the part of defendant constituting the basis of your claims.

ANSWER

The dates, to the extent now known, were the dates on which defendant Precision Air Parts, Inc., submitted wrongfully

---

1.  Ala.Code § 6–2–39(a)(5) states as follows:
    (a) The following must be commenced within one year:

    .    .    .    .    .

    (5) Actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section. . . .

obtained Lycoming data to the FAA to obtain PMA's for replacement parts for Lycoming engines. Other dates are unknown at this time pending the completion of Lycoming's discovery herein. Defendant's use of Lycoming's confidential, proprietary, and trade secret information constitutes a continuing tort, however, and such misconduct is therefore continuing.

Precision's answer to Avco's Interrogatory 7–c indicates Precision applied for five PMAs on April 17, 1978, one on September 28, 1978, and one on December 11, 1978. Precision argues that Avco's cause of action accrued either at the time of misappropriation or when the first disclosure of trade secrets was made, by the first PMA application. Since the complaint was filed on June 12, 1979, any cause of action arising from the PMA applications of April 17, 1978 would be clearly time-barred. Only if misappropriation of trade secrets is a continuing tort, not barred until one year after the last wrongful act, would the September and December applications come into play so that Avco could prevail on this issue.

There is no Alabama case directly on point, and there is a conflict in other jurisdictions as to when a cause of action for trade secret misappropriation accrues. *Compare Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.*, 407 F.2d 288 (9th Cir. 1969) *with Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950 (D.C.Cir.1966), *cert. denied*, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967), *on remand* 314 F.Supp. 546 (D.D.C.1970). Therefore, other analogous areas of Alabama law must be reviewed to decide what an Alabama court would hold if faced with this question. *See Arceneaux v. Texaco, Inc.*, 623 F.2d 924 (5th Cir. 1980), *cert. denied*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981).

As Avco points out in its brief, Alabama courts have recognized continuing torts in certain circumstances. *See Minyard v. Woodward Iron Co.*, 81 F.Supp. 414 (N.D. Ala.), *aff'd*, 170 F.2d 508 (5th Cir. 1948); *American Mutual Liability Insurance Co. v.*

*Agricola Furnace Co.*, 236 Ala. 535, 183 So. 677 (1938); *Howell v. City of Dothan*, 234 Ala. 158, 174 So. 624 (1937). *See also Commercial Union Assurance Co. v. Zurich American Insurance Co.*, 471 F.Supp. 1011, 1015 (S.D.Ala.1979). These cases generally hold that, for purposes of applying the appropriate statute of limitations in a case involving a continuing disease or injury, the date of injury is the last day on which the plaintiff was exposed to the dangerous conditions. *See, e.g., Minyard v. Woodward Iron Co.*, 81 F.Supp. at 417.

Alabama law also provides, however, that a cause of action accrues "as soon as the party in whose favor it arises is entitled to maintain an action thereon," *Garrett v. Raytheon Co.*, 368 So.2d at 519, and the statute of limitations begins to run "whether or not the full amount of damages is apparent at the time of the first legal injury." *Id.* Furthermore, it has been held that:

If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage [then apparent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case *the subsequent increase in the damages resulting gives no new cause of action.*

*Id.* (emphasis added). *See also Moore v. United States Pipe & Foundry Co.*, 384 So.2d 1108 (Ala.Civ.App.1980) (cause of action accrues as soon as plaintiff is entitled to maintain an action regardless of whether the full amount of damages is apparent at the time of the first legal injury).

This statement of the law fully coincides with Precision's view of the case, *i.e.*, Avco's injury, if any, arose at the latest on April 17, 1978 when Precision applied for PMAs on five Lycoming parts, and that is the date the statute began to run.

Avco tries to circumvent Precision's argument in two ways. First, Avco argues that even if the statute did run on some of its claims, its causes of action with respect to the uses Precision allegedly made of Avco's trade secrets and drawings within one year of the filing of its claim are unaffected by the statute of limitations. This argument is founded on the premise that each use of Avco's materials by Precision gave rise to a new cause of action and that the statute of limitations began to run anew with each allegedly wrongful use. In actuality, however, such later use of the materials by Precision only increased Avco's damages.

Avco's second argument involves the continuing tort theory which is really just a variation of its first contention. Avco argues that misappropriation of a trade secret is a continuing tort so long as the value of the secret is not destroyed by general disclosure. There is some support for Avco's contention. *See Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950 (D.C.Cir.1966), *cert. denied*, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967), *on remand* 314 F.Supp. 546 (D.D.C.1970); *Anaconda Co. v. Metric Tool & Die Co.*, 485 F.Supp. 410, 426 (E.D.Pa.1980). Nevertheless, this Court finds, in light of the general explanation of Alabama law quoted above from *Garrett*, Alabama would rule that the actionable injury occurs, if at all, either at the time of misappropriation or when disclosure of the trade secret is made. *See Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.*, 407 F.2d 288 (9th Cir. 1969). *See also M & T Chemicals, Inc. v. International Business Machines Corp.*, 403 F.Supp. 1145 (S.D.N.Y.1975), *aff'd*, 542 F.2d 1165 (2d Cir. 1976), *cert. dismissed*, 429 U.S. 1030, 97 S.Ct. 656, 50 L.Ed.2d 637 (1976); *Freedman v. Beneficial Corp.*, 406 F.Supp. 917, 922 (D.Del.1975); *Shatterproof Glass Corp. v. Guardian Glass Co.*, 322 F.Supp. 854 (E.D.Mich.1970), *aff'd*, 462 F.2d 1115 (6th Cir. 1972), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 518, 34 L.Ed.2d 487 (1972); *Kearns v. Ford Motor Co.*, 203 U.S.P.Q. 884 (E.D.Mich. 1978).

Avco's assertion regarding general disclosure is based in part on a misreading of *Monolith*. Avco states in its brief that *Monolith* "stands only for the proposition that adverse disclosure will commence the limitations period." This is simply wrong. *Monolith* clearly held that the cause of action for misappropriation of trade secrets "fully matured at the moment [defendant] first made *adverse use or disclosure* of the trade secret in violation of its confidential relationship." 407 F.2d at 292 (emphasis added).

Avco attempts to avoid the consequences of this rule by asserting that it suffered no legal injury from the alleged misappropriation until Precision used the trade secrets by selling parts. Avco claims Precision's application to the FAA alone did not constitute legal damage because the disclosure did not diminish the value of Avco's trade secrets. This claim is without merit. Precision's applications for PMAs, if wrongful, clearly constituted adverse use of Avco's property.

### Conclusion

Given the Court's reading of how Alabama courts would interpret the law as it applies to this case, the Court finds that there is no question of material fact as to whether the statute of limitations began to run on Avco's claim on April 17, 1978 and expired on April 17, 1979. Because Avco's complaint was not filed until June 12, 1979, there is no question of material fact that this action was time-barred. This determination, as noted above, "preempts the preemption question" on appeal. Therefore, the Court expresses no opinion as to that issue.

The Court affirms the district court's grant of summary judgment in favor of defendant Precision Air Parts because both counts of plaintiff's complaint are barred by the Alabama statute of limitations.

AFFIRMED.