[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-10876
Non-Argument Calendar
_____

D. C. Docket No. 03-00148-CV-4

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

DEBORAH E. FOSTER,

                                                        Plaintiff-Appellant,

versus

SAVANNAH COMMUNICATION,
MCLLANHAM AUTOMOTIVES, INC.,
A&E ELECTRONIC COMPANY,
PROVOST MARSHAL/LAW ENFORCEMENT COMMAND,
U.S. ARMY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 23, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Deborah E. Foster appeals *pro se* the district court's dismissal with prejudice of her claims against the defendants, Savannah Communication ("SC"), the United States Army ("Army"), McLlanham Automotives, Inc. ("McLlanham"), and A&E Electronic Company ("A&E").[1] Foster brought her claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, *et seq.* Specifically, she alleged that she had been constructively discharged by her employer, the Army, for reporting fraud to her supervisors in violation of 31 U.S.C. § 3730(h), which is the whistleblower provision of the FCA. She also apparently sought to bring a *qui tam* action against the remaining three defendants ("the contractor defendants"), who were allegedly involved in the fraud, in violation of 31 U.S.C. § 3730(b).

Foster raises two arguments on appeal. First, she argues that the district court erred in finding that her complaint was filed beyond the statute of limitations. Foster argues that she did her best to ensure that the complaint was filed in a timely manner. She notes that she mailed her complaint to the district court (admittedly with a request for leave to proceed *in forma pauperis* in lieu of the filing fee) two days before the statute of limitations expired and that the district court received it one day before it expired.

_____

[1] Neither McLlanham nor A&E are present on appeal.

2

Second, Foster argues that the district court erred by alternatively dismissing her complaint for failure to comply with the procedural requirements of § 3730(b)(2) for *qui tam* actions. She notes in particular that she "had no knowledge of sealing a case." Each argument is addressed in turn.[2]

We review *de novo* the district court's grant of a motion to dismiss. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). A motion to dismiss is granted only when the movant demonstrates "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). "The standard of review for a motion to dismiss is the same for the appellate court as it was for the trial court." *Spain*, 363 F.3d at 1187 (citation omitted).

**Failure to Comply with Statute of Limitations**

The applicable limitation period for an action brought under 31 U.S.C. § 3730 is no "more than 6 years after the date on which the violation of section 3729 is committed." 31 U.S.C. § 3731(b)(1). Generally, a statute of limitations defense is an affirmative defense that must be pled. *See* Fed. R. Civ. P. 8(c). However,

---

[2]Foster further contends that the defendants failed to respond timely to her complaint and that therefore she should have received a default judgment against them. After reviewing the record, we conclude that the district court's refusal to enter default judgments was not an abuse of discretion under the circumstances.

3

failure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

In her complaint, Foster alleged that she complained of fraud and was constructively discharged by the Army on July 23, 1997. Foster could not have witnessed or had knowledge of any alleged fraudulent activity, such as submission of false claims, after that date. The record reflects that Foster's complaint was not filed until August 8, 2003, more than six years after the date on which her employment ended. Consequently, all of the acts of which Foster claims the contractor defendants took part occurred more than six years before Foster filed her complaint. Furthermore, Foster concedes that her complaint is untimely in light of the limitation period. Therefore, to the extent that Foster sought to bring a *qui tam* action against the contractor defendants, the district court did not err in finding that her complaint was barred by the six-year statute of limitations set forth at § 3731(b)(1).

To the extent that Foster sought relief under the anti-retaliation provision of the FCA, we have not previously addressed whether the six-year statute of

4

limitations applies to those claims.[3]  We do not address that issue here, however, because even if the absence of a specific limitation period in the FCA compels application of the most analogous state law statute of limitations, Foster never suggests, and our *de novo* review does not reveal, that the applicable period would be more than six years.  Moreover, as noted above, Foster concedes that her filing was outside this period.  We therefore affirm the district court's dismissal of her retaliation claim against the Army for failure to comply with the statute of limitations.

**Failure to Comply with Procedural Requirements**

To maintain a *qui tam* action under the FCA, a private party must satisfy several procedural requirements.  *See* 31 U.S.C. § 3730 (b)(1), (b)(2), (b)(4)(A), (b)(4)(B).  Specifically, a private party must first bring the action in the name of the United States government and must have served upon the government "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses."  31 U.S.C. §§ 3730(b)(1) and (b)(2).  The complaint also must be filed "*in camera*, [and] shall remain under seal for at least

---

[3]Two other circuits have found that the six-year statute of limitations set forth at § 3731(b)(1) does apply to retaliation claims under § 3731(h).  *See e.g., U.S. ex. rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 367 F.3d 245, 251 (4th Cir. 2004); *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999).  The Ninth Circuit, however, has held that an analogous state law statute of limitations determines the statute of limitations governing retaliation suits under § 3731(h).  *U.S. v. Hughes Aircraft Co.*, 162 F.3d 1027, 1034-35 (9th Cir. 1998).

60 days, and shall not be served on the defendant until the court so orders." §

3730(b)(2). Within 60 days of service, the government must choose either to

"intervene and proceed with the action," or notify the court that it declines to

intervene, in which case the individual obtains the right to proceed with the *qui tam*

action. § 3730(b)(4).

It is apparent from the face of Foster's complaint that she did not comply

with any of the statutory requirements before filing her *qui tam* action. Foster's

claims against the three contractor defendants were brought directly in the district

court, were brought in her name, and were not filed under seal. Foster concedes

her noncompliance with the procedural requirements of the FCA. Accordingly,

after considering the parties' contentions, we find no abuse of discretion in the

district court's finding that she failed to comply with the procedural filing

requirements for *qui tam* actions under the FCA as to the contractor defendants.[4]

We therefore affirm the district court's order dismissing Foster's complaint

for failure to file within the statute of limitations, and, alternatively, for failure to

comply with the procedural filing requirements of § 3730(b)(2).

**AFFIRMED.**

---

[4]We note that Foster's retaliation claim against the Army arose under § 3730(h). We decline to address whether the procedural requirements for a *qui tam* action were also applicable to Foster's retaliation claim, or whether noncompliance with such rules provides an additional basis for affirming the district court's decision.