[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12268
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-01603-WWB-LRH

MARIE HENRY,

Plaintiff-Appellant,

versus

EXAMWORKS INC.,
EXAMWORKS CLINICAL SOLUTIONS, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 6, 2021)

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Marie Henry, proceeding pro se, appeals the district court's denial of her

motion to reconsider the court's order granting ExamWorks's partial motion to

dismiss and denying Henry's motion to remand. Henry argues that the district court's denial of her motion to reconsider was erroneous because (1) the district court lacked subject-matter jurisdiction over her case and should have remanded it to state court; (2) the district court's decision to dismiss was unwarranted; and (3) the district court erred in awarding costs against her. After careful review, we disagree and affirm.

## I.

After Henry was admitted to practice law in the State of Florida, she joined Gould & Lamb LLC as staff counsel. When Gould & Lamb was later purchased by ExamWorks, Henry stayed on. During Henry's employment with ExamWorks, she was the subject of disciplinary proceedings by the Florida Bar. ExamWorks notified Henry that her employment would be terminated based on a six-month suspension of her license to practice in Florida. Henry alleged that she was actually terminated based on her race, gender, and perceived disability.

Henry sued ExamWorks in Florida state court, alleging six claims under Section 1981 (Counts I and II), the Florida Civil Rights Act (Counts III and IV), state law for intentional infliction of emotional distress (Count V), and Title VII (Count VI). ExamWorks removed the case to district court. The district court denied Henry's motion to remand and granted ExamWorks's partial motion to dismiss as to Counts III, IV, and VI. The court dismissed her remaining claims with leave to amend. Henry failed to file an amended complaint but moved the court to reconsider

its orders on the motions to remand and to dismiss. The court denied her motion to reconsider. Henry appealed.

## II.

Henry argued in her motion to reconsider that the district court lacked jurisdiction over her claims because she sued ExamWorks, Inc., not ExamWorks, LLC. The district court determined that the entities were the same. Henry now contends on appeal that, in the alternative, the district court was required to sever and remand her claims arising purely under state law.

We review *de novo* a district court's determination that it has subject-matter jurisdiction. *Colbert v. United States*, 785 F.3d 1384, 1388–89 (11th Cir. 2015). "A federal court is obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *In re Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031, 1033 (11th Cir. 2017) (cleaned up). "[S]ubject-matter jurisdiction underlies a court's power to hear a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). Accordingly, it can never be forfeited or waived." *Id.*

Federal courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy[.]" *Id.* § 1367(a). A district court "may decline to exercise supplemental jurisdiction" over such a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c).

Unless otherwise expressly provided by statute, a defendant may remove any civil action brought in a state court to a federal district court with original jurisdiction over the action. *Id.* § 1441(a). "The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). The removing party must file a notice of removal and "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the underlying action. 28 U.S.C. § 1446(a). Under the unanimity rule, all defendants must consent to and join a notice of removal. *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). Federal courts must construe removal statutes strictly and resolve any doubt as to jurisdiction in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Here, Henry's Section 1981 and Title VII federal claims provided the district court with original jurisdiction, and thus also with supplemental jurisdiction over her

4

state law claims. Each claim formed part of the same case or controversy: her alleged mistreatment by, and eventual termination from, her employer. *See* 28 U.S.C. § 1367(a). Contrary to Henry's contention, the district court was not *required* to sever and remand the state law claims. *See id.* § 1367(c). Instead, it had the discretion to retain jurisdiction, and it acted within its discretion to do so. Henry's argument that ExamWorks, Inc. did not consent to removal or was not properly served is meritless because the district court properly found that ExamWorks, LLC was the same party as ExamWorks, Inc., and had simply changed its name. The district court had jurisdiction over Henry's claims.

## III.

Henry argues that the district court should have granted her motion to reconsider. We review a district court's denial of a motion to reconsider for abuse of discretion. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). The Federal Rules of Civil Procedure "do not specifically allow for a motion for reconsideration." Wright & Miller, Fed. Prac. & Proc. § 2810.1 n.8, Grounds for Amendment or Alteration of Judgment (3d ed. Apr. 2021 update). Some courts elect to consider such motions, and the Middle District of Florida recognizes "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

error or manifest injustice." *True v. Comm'r of the I.R.S.*, 108 F.Supp.2d 1361, 1365 (M.D. Fla. 2000).

The district court denied Henry's motion to reconsider because Henry's arguments did not turn on new evidence, a change in the controlling law, or manifest injustice. The court found that all but two of Henry's arguments could and should have been raised in response to ExamWorks's motion to dismiss. And it found that the two arguments that could not have been raised were also meritless. We agree, for the reasons set out below. In addition, Henry now raises several arguments on appeal that were not presented to the district court. By failing to raise these arguments before the district court, Henry has waived them. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Accordingly, we will not exercise our discretion to consider them on appeal. *See Finnegan v. Comm'r of Int. Rev.*, 926 F.3d 1261, 1271–72 (11th Cir. 2019).

First, the district court did not abuse its discretion in declining to reconsider its holding that Henry's failure to comply with Local Rule 3.01(g) was independently sufficient to deny her motion to remand. Local Rule 3.01(g) requires counsel to certify that she has conferred with opposing counsel in a good faith effort to resolve an issue before filing a motion. M.D. Fla. R. 3.01(g). Henry challenges both the propriety and application of Rule 3.01(g) to her case.

6

A district court may adopt and amend local rules governing court practice after giving public notice and opportunity for comment. Fed. R. Civ. P. 83(a). Those rules must be "consistent with—but not duplicate—federal statutes and rules." *Id.* Nothing in Local Rule 3.01(g) conflicts with the Federal Rules of Civil Procedure or any federal statute. In fact, a similar rule exists in the Federal Rules of Civil Procedure for orders compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). And nothing in the record suggests that the court abused its discretion in finding that Henry failed to comply with Local Rule 3.01(g). The court did not abuse its discretion in dismissing Henry's case for failing to follow local court rules.

Second, the court neither abused its discretion in declining to reconsider its ruling on ExamWorks's statute of limitations defenses nor in considering Henry's EEOC Notice and Henry's admissions in a previous case. ExamWorks had attached those two documents to its motion to dismiss.

"[A] statute of limitations defense may be raised on a [Rule 12(b)(6) motion to dismiss … when the complaint shows on its face that the limitations period has run[.]" *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). A district court may consider a document attached to a motion to dismiss without converting the motion to dismiss into one for summary judgment if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). A court may also take judicial notice

of undisputed facts when ruling on a motion to dismiss. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents from a related state court action); *see also* Fed. R. Evid. 201(b) (allowing courts to judicially notice facts not subject to reasonable dispute).

The details supporting ExamWorks's statute of limitations defense are apparent on the face of Henry's complaint or from documents that may be considered without converting a motion to dismiss into a motion for summary judgment. The EEOC Notice and Henry's prior admission are central to her allegation that she had exhausted her administrative remedies. And Henry does not challenge the authenticity of those documents. Even if those documents had not been attached to the motion to dismiss, the court could have taken judicial notice of them. The court did not err in ruling on ExamWorks's statute of limitations defense or in considering Henry's EEOC Notice and Henry's prior admission.

Third, the district court did not violate Henry's constitutional rights by dismissing her complaint. Henry did not identify any similarly situated individuals who were allegedly treated more favorably, so her equal protection argument fails. *See Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009) ("[T]o state an equal protection claim, the plaintiff must prove that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably."). Her procedural due process argument also fails. Due

8

process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). But Henry conceded that she received notice of the order to amend a week before the court's deadline. She neither requested more time nor offered a reason why she was unable to file an amended complaint within that week.

Fourth, the district court did not abuse its discretion in declining to reconsider its dismissal of Counts I, II, and V after Henry failed to file an amended complaint within the court's deadline. Henry's argument that the court improperly held that she had not adequately pleaded intentional infliction of emotional distress is meritless. Henry failed to allege specific facts beyond a conclusory allegation that ExamWorks's "conduct resulted in severe and emotional distress." The district court noted that all of the claims regarding emotional distress related to conduct allegedly engaged in by The Florida Bar, not ExamWorks.

After pointing out these defects regarding Henry's intentional infliction of emotional distress claim, the district court granted Henry leave to amend her remaining claims and warned her that failure to do so "may result in the dismissal of the case without further notice." The deadline to amend came and went without an amended pleading from Henry. A court does not abuse its discretion in enforcing its

own reasonable deadlines. *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[T]o ensure the orderly administration of justice, [a district court] has the authority and responsibility to set and enforce reasonable deadlines."). For these reasons, the district court did not abuse its discretion in denying Henry's motion to reconsider its dismissal of Henry's claims.

## IV.

Henry also argues that the district court improperly taxed $400 in costs against her because, under Title VII, a prevailing party may only collect attorney's fees and not costs. But a district court may tax costs in favor of a prevailing party unless controlling law provides otherwise. Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Because the controlling law here does not preclude the taxing of costs, the district court did not err in taxing costs against Henry.

## V.

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**